Original

September 8, 2006, Friday
Jeffrey D. Moffatt, Attorney
Robert and Vienna Leshin, Petitioner
43625 N Sierra Hwy, Suite A
Lancaster CA 93534
(661) 945-6121
FAX (661) 945-3019
EMAIL: Jeffreymbajd@hotmail.com

FILED
SEP 11 2006
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

ALEX W. CHERBANAEFF AND ANN CHERBANAEFF
Petitioner

V.

06-640 T

COMMISSIONER OF THE
INTERNAL REVENUE SERVICE
Respondent

COMPLAINT FOR WRONGFUL LEVY BY IRS

A. NATURE OF THE ACTION.

1. This is a civil action for wrongful levy by the IRS, as well as for Statutory Interest. The IRS has wrongfully levied Petitioners, and they request a return of their money with interest.

B. JURISDICTION

2. This case is being brought under the Tucker Act, 28 U.S.C. 1491 (1988), since this case partially revolves around suit for money founded upon (1) the

Constitution, (2) an act of Congress, (3) an Executive Order, (4) a Regulation of an Executive Department, or (5) any express or implied–in-fact contract with the United States. Wronged Taxpayers can bring suit under the Tucker act, 28 U.S.C. 1491(a) (1) (1992).

3. The Jurisdiction of the Court is invoked under the authority of 26 USC Sections 7426, and 28 USC Section 1346 (a) (2) also known as the Little Tucker Act is proper here since the present levied amount is less than $10,000. , relating to the jurisdiction of the Court of Claims in wrongful levy suits.

4. The Court of Claims has proper jurisdiction also under Gordon v. United States, wrongful levy actions. 227 Ct. Cl 328 649 F. 2d 837 (1981) as well as Document Management Group v. United States, 11 Cl Ct 463 (1987).

5. In Amoco, the Court of Federal Claims advised it had jurisdiction to hear a claim for statutory interest, and that the claim procedures of IRC 7422(a) were not required. Petitioner argues they can similarly file a claim for statutory interest.

6. In Citadel Industries Inc v. United States, the Court of Federal Claims assumed subject matter jurisdiction for interest alone. Petitioner believes that also under Citadel, this court has jurisdiction.

7. This case solely involves the taking of money and the return of that money, as well as interest on that money. As such, the Court of Federal Claims is the proper forum.

C COURT REVIEW OF RESPONDENT'S ACTIONS

8. This Court can review actions of the IRS. This review may be performed under the standards of the Administrate Procedure Act which looks to determine if the following activities have taken place: (arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law and unsupported by substantial evidence on the whole record; contrary to constitutional right, power, privilege, or immunity; in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; without observance of procedure required by law) in the U.S. Court of Federal Claims 28.U.S.C.S 1346 (a)(2) ("Little Tucker act) and 28.U.S.C.S 149(a)(1) (" Big Tucker Act').

9. Jurisdiction in the U.S. Court of Federal Claims is possible since there exists more than $100,000.00 Respondent is attempting to collect from Petitioners.

D. WAIVER OF SOVERIGN IMMUNITY

10. The Tucker Act grants authority of the Federal Court of Claims to hear these cases, as well as provides a waiver of sovereign immunity.

E. VENUE

11. The Tucker Act provides that the Court of Claims is the proper venue.

F. STATUTE OF LIMITATIONS

12. Petitioner's Levy he is complaining of has taken place in September 2006 therefore the pursuant to 2501 of Title 28, USC. A claim for just compensation has been instituted within six years of the "accrual" of the claim. Under Gordon

v. United States, 227 Ct. Cl 328, 649 F.2d 837(1981). the Court of Claims held that it possesses jurisdiction, pursuant to the Tucker Act, over wrongful levy actions, but that, consistent with 26 U.S.C. section 6532 ( C), such an action must be commenced within nine months of the date of levy. Given that this suit is being placed within 30 days of the taking, this Court has jurisdiction under Gordon, supra.

G. PARTIES

13. Petitioners are Alex Chernabaeff and Ann Chernabaeff private citizens whom live at 4412 Marella Way, Bakersfield, CA 93309. TIN: 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 and TIN: 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. The Respondent is the United States of America acting through the Commissioner of the Internal Revenue Service.

H. BACKGROUND OF FACTS

14. Petitioner's have been faced with unfortunate circumstances. They have had their social security levied. They have had liens placed on their property, despite Petitioner's paying out over $87,000 in a Bankruptcy proceeding, which should have more than satisfied the original liability. Petitioner believes that they have in fact satisfied the original liability, yet Respondent is exceeding the statute for collections to the extent that Respondent is attempting to go back 21 years in the levy actions, in violation of RRA 1998. Respondent has also attempted to lien and levy Petitioner's children for Petitioner's claimed liabilities, also in error.

15. Under IRC 6502(a) (1), a 10 year statute of limitations exists. Respondent is violating this by attempting to collect and levy for periods starting with 1985, or 21 years ago which far exceeds the collection statutes.

16. IRC 7433(a) (b) allows $100,000. In civil damages caused by an officer of employee of the Service who negligently disregards provisions of the Code or regulations in connection with the collection of federal tax.

17. Respondent has violated provisions of the Tax Code.

18. Petitioner requests IRC 7433 fees for the amount of $10,000.00, since Respondent has violated IRC 7433.

19. Respondent has had a habit of not honoring Bankruptcy Discharges. Petitioner's Counsel has been counsel on actions where Respondent has not liked the Decision in Rushing v. United States (In re Rushing), 273 B.R. 223 which allowed for taxes to be discharged even on later filed tax returns, and thus has not followed the case holding. Respondent has similarly not liked the holding in Cole in the 8th Circuit, and similarly has been refusing to follow it, which similarly allow for Bankruptcy discharges of tax debt.

20. Respondent is violating Code Sec 7206(4), by concealing property with intent to defraud, by way of Respondent's attempt to conceal the BK as to Petitioner, and attempting to defraud Petitioner by removing their ability to redress her grievances.

21. IRC Section 7491(C) provides that the IRS shall have the burden of production in a court proceeding related to the appropriateness of applying any penalties, additions to tax, and additional amounts imposed by the Internal Revenue Code on the taxpayer. Given that the majority of the claimed liability Respondent is collecting via levy is penalties and interest, Respondent has the burden of

production to show the appropriateness of these penalties, and additions to tax. Respondent has not met their burden.

H. CONSTITUTIONAL VIOLATIONS

22. Petitioners have been denied their Due Process rights under both the Fourteenth and Fifth Amendments, when Petitioners were denied their respective settlement agreements without being provided a proper hearing. Petitioner has also been denied his Constitutional rights, by the unlawful taking of Petitioner's property including, but not limited to, the wrongful levy, as well as wrongful attachment of Petitioner's children's property based upon Petitioner's claimed liability.

I. COSTS

23. Costs may be awarded by the Court of Federal Claims in tax cases as in other cases. Section 7430 of Title 26, USC provides for an award of costs in tax cases.

J. DAMAGES

24. Petitioner is being faced with a levy to his social security monthly of $187.05, and Petitioner's wife is faced with a levy on her social security monthly of $86.10.

INTEREST

25. Under Section 301.6402-2(f) (2) of the regulations of the Department of the Treasury provides for interest to be sent to Petitioner's Counsel. Accrued interest is available under 26 U.S.C. Section 6402(1994).

K. REQUEST FOR RELIEF

26. Petitioner's request the return of the wrongful levy, as well as legal fees.

Attorney fees in tax cases can be obtained under IRS Section 7430.

Respectfully submitted,

Jeffrey D. Moffatt, Attorney

U.S. Court of Federal Claims

Attorney for Petitioners Alex Chernabaeff and Ann Chernabaeff

(661) 945-6121 / Fax (661) 945-3019

43625 N Sierra Hwy, Suite A.

Lancaster, CA 93534

E-mail Address: jeffreymbajd@hotmail.com