No. 06-640 T
(Judge Firestone)

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

ALEX W. AND ANN CHERBANAEFF,

Plaintiffs

v.

THE UNITED STATES,

Defendant

# MOTION OF THE UNITED STATES TO DISMISS PLAINTIFF'S COMPLAINT

EILEEN J. O'CONNOR
Assistant Attorney General

DAVID GUSTAFSON
MARY M. ABATE
JOSEPH B. SYVERSON
Attorneys
Justice Department (Tax)
Court of Federal Claims Section
P.O. Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6508
(202) 514-9440 (facsimile)

# TABLE OF CONTENTS

**Page**

Motion of the United States to Dismiss Plaintiffs' Complaint. . . . . . . . . . . . . . . . . . . . . . . 1

Statement. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Argument:

This Court Lacks Subject-matter Jurisdiction over the Complaint.. . . . . . . . . . . . . . 5

A. This Court Lacks Jurisdiction over Plaintiffs' Wrongful Levy Claims. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

1. This Court's Tucker Act jurisdiction over wrongful levy claims does not extend to levies imposed to satisfy plaintiffs' own tax liabilities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

2. No other statutory provision provides this Court with subject-matter jurisdiction over plaintiffs' wrongful levy claims. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

B. This Court Lacks Subject-matter Jurisdiction over the Plaintiffs' Claims under Section 7433. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

C. This Court Lacks Subject-matter Jurisdiction over the Constitutional Claims. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

# TABLE OF AUTHORITIES

**Cases:**

*Castillo Morales v. United States*, 19 Cl. Ct. 342 (1990). . . . . . . . . . . . . . . . . . . . 12

*Document Management Group, Inc. v. United States*, 11 Ct. Cl. 463 (1987). . . . . 7

*Flora v. United States*, 362 U.S. 145 (1960). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**Page**

**Cases (Continued):**

*Fry v. United States*, 72 Fed. Cl. 500 (2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*G.B. "Boots Smith" Corp. v. United States*, No. 2:05mc113KS-MTP, 2006 WL 2708593 (S.D. Miss. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Ghandour v. United States*, 37 Fed. Cl. 121 (1997). . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Gordon v. United States*, 649 F.2d 837 (Ct. Cl. 1981). . . . . . . . . . . . . . . . . . . . . . 6-8

*Inter-Costal Xpress, Inc. v. United States*, 49 Fed. Cl. 531 (2001). . . . . . . . . . . . 12

*Kirkendall v. United States*, 31 F. Supp. 766 (Ct. Cl. 1940). . . . . . . . . . . . . . . . 6,7

*Latterman v. United States*, 872 F.2d 564 (3d Cir. 1989).. . . . . . . . . . . . . . . . . . . . 4

*Ledford v. United States*, 297 F.3d 1378 (Fed. Cir. 2002). . . . . . . . . . . . . . . . . . . 10

*Murray v. United States*, 817 F.2d 1580 (Fed. Cir. 1987). . . . . . . . . . . . . . . . . . . 12

*Overseas Thread Industries, Ltd. v. United States*, 48 Fed. Cl. 221 (2000). . . . 9,10

*Saladino v. United States*, 62 Fed. Cl. 782 (Fed. Cl. 2004). . . . . . . . . . . . . . . . . . . 8

*Shore v. United States*, 9 F.3d 1524 (Fed. Cir. 1993).. . . . . . . . . . . . . . . . . . . . . . . 9

*Standifird v. United States*, 32 Fed. Cl. 731 (1995). . . . . . . . . . . . . . . . . . . . . . . . 10

*Tchakarski v. United States*, 69 Fed. Cl. 218 (2005). . . . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Mitchell*, 463 U.S. 206 (1983). . . . . . . . . . . . . . . . . . . . . . . . . . . 12

**Page**

**Statutes:**

Federal Tax Lien Act of 1966, Pub. L. No. 89-719, 80 Stat. 1125 (1966). . . . . . . . 6

Internal Revenue Code of 1986 (26 U.S.C.):

§ 6303. . . . . . . . . . . . 4,5
§ 6330. . . . . . . . . . . . 3
§ 6331. . . . . . . . . . . . 3
§ 6502. . . . . . . . . . . . 10
§ 6503. . . . . . . . . . . . 11
§ 6532. . . . . . . . . . . . 8,9
§ 6601. . . . . . . . . . . . 4
§ 6651. . . . . . . . . . . . 4,5
§ 6665. . . . . . . . . . . . 5
§ 7422. . . . . . . . . . . . 9
§ 7426. . . . . . . . . . . . 6,8
§ 7433. . . . . . . . . . . . 1,5,10,11

11 U.S.C.:

§ 362. . . . . . . . . . . . 11
§ 524. . . . . . . . . . . . 11

28 U.S.C.:

§ 1491. . . . . . . . . . . . 5,6,12
§ 2501. . . . . . . . . . . . 8

**Miscellaneous:**

Rules of the Court of Federal Claims:

Rule 9. . . . . . . . . . . . 9
Rule 12. . . . . . . . . . . . 1

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-640 T
(Judge Firestone)

ALEX W. AND ANN CHERBANAEFF,

Plaintiffs,

v.

THE UNITED STATES,

Defendant

**MOTION OF THE UNITED STATES TO DISMISS PLAINTIFFS' COMPLAINT**

The United States moves to dismiss the complaint of plaintiffs Alex W. and Ann Chernabaeff[1] pursuant to RCFC 12(b)(1) because this Court lacks subject matter jurisdiction over plaintiffs' claims. The Court lacks subject matter jurisdiction because (1) plaintiffs seek to challenge their own tax liabilities by means of a wrongful levy action, even though such an action is only available to third party nontaxpayers; (2) this Court lacks jurisdiction over actions under 26 U.S.C. § 7433; (3) collection to satisfy a tax liability is not a Fifth Amendment taking; and (4) a Due Process claim does not require the payment of money damages, and hence is beyond this Court's jurisdiction. In support of its motion, the United States relies on the following

[1]Plaintiffs' complaint spells plaintiffs' last name "Cherbanaeff" in the caption, but their last name is spelled "Chernabaeff" elsewhere in the complaint (*See, e.g.,* Cmplt. ¶ 13) , and in the Internal Revenue Service's official files for plaintiffs. (Ex. 1; Ex. 2.)

memorandum and the exhibits attached to the Declaration of Joseph B. Syverson filed simultaneously herewith.

**STATEMENT**[2]

Plaintiffs filed their joint income tax return for tax year 1985 on October 16, 1986. (Ex. 1 at 2.) On November 17, 1986, they were assessed $4,673.00 in tax, $1,051.43 in late filing penalty, $186.92 in failure to pay tax penalty, and $325.69 in interest. (*Id.*) Subsequently, on August 8, 1988, plaintiffs were assessed $841.00 in additional tax, and $327.00 as an additional late filing penalty. (*Id.*) They were also assessed $28.00 in fees and collection costs on September 27, 1999, and $20.00 in fees and collection costs on October 18, 2004. (*Id.* at 3, 6.)

Plaintiffs filed their joint income tax return for tax year 1986 on October 16, 1987. (Ex. 2 at 2.) On November 16, 1986, they were assessed $9,518.00 in tax, $104.00 in estimated tax penalty, $380.72 in failure to pay tax penalty, and $531.06 in interest. (*Id.*) Subsequently, on April 8, 1991, plaintiffs were assessed $820.34 in failure to pay tax penalty. (*Id.* at 3.) On October 2, 1995, $154.08 of failure to pay tax penalty was abated, and $154.08 in interest was assessed. (*Id.*)

Plaintiffs also have assessed income tax liabilities for tax years 1987, 1988, 1989, 1991, 1992, 1993, 1996, 1997, and 1998. (Ex. 3 at 10; Ex. 4 at 9; Ex. 5 at 10; Ex. 6 at 9; Ex. 7 at 9; Ex. 8 at 9; Ex. 9 at 9; Ex. 10 at 11; Ex. 11 at 8.)

Plaintiffs have been debtors in at least three separate bankruptcy proceedings. The first

---

[2]The complaint, which is styled "Complaint for Wrongful Levy by IRS," does not identify the tax year or years involved in this suit. The Internal Revenue Service's administrative files indicate that amounts received by means of levies were applied to plaintiffs' outstanding unpaid liabilities for their tax years 1985 and 1986. Accordingly, based on the assumption that those tax years are at issue in this suit, the Statement deals primarily with those years.

was pending from March 15, 1985 to approximately December 1988 (Ex. 1 at 2; Ex. 2 at 2),[3] the second was pending from January 18, 1989 to March 29, 1995 (Ex.1 at 2-3; Ex. 2 at 2-3), and the third was pending from November 22, 1995 to April 12, 1999. (Ex. 1 at 3; Ex. 2 at 3.) A payment of $7,312.06 arising out of the second bankruptcy proceeding was credited against plaintiffs' 1985 income tax liability on March 28, 1990 (Ex. 1 at 2), and payments of $1,410.14 and $9,943.98 were credited against plaintiffs' 1986 tax liability on March 28, 1990 and March 18, 1991, respectively. (Ex 2. at 2-3.) In addition, a miscellaneous payment of $25.00 was credited against plaintiffs' 1985 income tax liability on July 26, 2005. (Ex. 1 at 6.)

Beginning in 2006, the Internal Revenue Service began levying plaintiffs' social security benefits to satisfy their income tax liabilities for the 1985 and 1986 tax years, pursuant to the authority granted by 26 U.S.C. § 6331(h).[4] Plaintiffs were issued collection due process notices of intent to levy for the 1985 and 1986 tax years on May 19, 2004, but plaintiffs did not exercise their rights under 26 U.S.C. § 6330 to request a collection due process hearing for either of these tax years. (Ex. 1 at 4-5; Ex. 2 at 4-5.) On April 17, 2006, plaintiffs were mailed final notices before levy on social security benefits for the 1985 and 1986 tax years. (Ex. 1 at 7; Ex. 2 at 7.)

---

[3]There is a minor immaterial discrepancy between the date for the termination of the first bankruptcy proceeding listed on the IRS's Certificate of Assessments and Payments (Form 4340) for plaintiffs' 1985 tax year and the date listed on the Form 4340 for the plaintiffs' 1986 tax year. The Form 4340 for 1985 indicates that the first bankruptcy suit was no longer pending as of December 29, 1988, but the Form 4340 for plaintiffs' 1986 tax year indicates that it was no longer pending as of December 13, 1988.

[4]The Secretary of the Treasury is authorized under 26 U.S.C. § 6331(h) to levy upon "any Federal payment other than a payment for which eligibility is based on the income or assets (or both) of a payee." § 6331(h)(2)(A). A levy made under § 6331(h) is "continuous from the date such levy is first made until such levy is released." § 6331(h)(1). With an exception not applicable here, the levy attaches to a maximum of 15 percent of the federal payment levied upon. *Id.*

The IRS began to levy upon plaintiff Alex Chernabaeff's social security benefits on July 3, 2006, levying the amount of $187.05 on four occasions, and crediting these amounts against plaintiffs' 1985 income tax liabilities. (Ex. 1 at 8-9; Complt. ¶¶ 1, 24.) The IRS also levied on plaintiff Ann Chernabaeff's social security benefits in the amount of $86.10 on four occasions, and credited these amounts against plaintiffs' 1986 income tax liabilities. (Ex. 2 at 8-9; Complt. ¶¶ 1, 24.)

The Certificates of Assessments and Payments (Forms 4340) for plaintiffs' 1985 and 1986 individual income tax years both show zero balances as of October 16, 2006. (Ex. 1 at 11; Ex. 2 at 10.) Plaintiffs were assessed failure-to-pay-tax penalties for the 1985 tax year of $71.01 on July 24, 2006, and $187.05 on August 21, 2006, September 25, 2006, and October 23, 2006. (Ex. 1 at 8-9.) Corresponding social security levies were credited against their 1985 income tax liabilities. (*Id.*) In each case, the assessment and credit had the effect of restoring the balance of the account to zero. (*See id.* at 2-9.) Similarly, plaintiffs were assessed interest in the amount of $86.10 for the 1986 tax year on July 24, 2006, August 21, 2006, September 25, 2006, and October 23, 2006 (Ex. 2 at 8-9), and corresponding social security levies were applied as credits (*id.*), having the effect of restoring the account to a zero balance. (*See id.* at 2-9.)[5]

---

[5]These assessments represent accrued but previously unassessed interest and failure to pay tax penalties, which are not reflected in the balance shown on a Certificate of Assessments and Payments. *See Ghandour v. United States*, 37 Fed. Cl. 121, 125-26 (1997) (explaining that Certificate of Assessments does not reflect accrued but unassessed interest). Collection of accrued but unassessed interest does not require separate notice and demand for payment under 26 U.S.C. § 6303(a). *See* 26 U.S.C. § 6601(e)(1) ("Any reference in this title (except subchapter B of chapter 63, relating to deficiency procedures) to any tax imposed by this title shall be deemed also to refer to interest imposed by this section on such tax."); *Latterman v. United States*, 872 F.2d 564, 566 (3d Cir. 1989) ("Section 6601 creates a 'general rule' that interest accrues without any individualized notice and demand from the IRS that a tax is due . . . ."). Similarly, the failure to pay tax penalty imposed by § 6651 is not subject to the notice and

These eight levies constitute all the levies made upon plaintiffs' social security benefits to satisfy their income tax liabilities for tax years 1985, 1986, 1987, 1988, 1989, 1991, 1992, 1993, 1996, 1997, and 1998 as of October 16, 2006. (*See* Ex. 1 at 10; Ex. 2 at 10; Ex. 3 at 2-10; Ex. 4 at 2-9; Ex. 5 at 2-10; Ex. 6 at 2-9; Ex. 7 at 2-9; Ex. 8 at 2-9; Ex. 9 at 2-9; Ex. 10 at 2-11; Ex. 11 at 2-8.)

Plaintiffs filed their complaint, styled as a "Complaint for Wrongful Levy by IRS," with this Court on September 13, 2006. They allege that "[t]he IRS has wrongfully levied [them]," and they ask for "a return of their money with interest." (Complt. ¶ 1.) They further allege that the levies violate 26 U.S.C. § 7433 (Complt. ¶ 16), and the Due Process and Takings Clauses of the Fifth Amendment. (Complt. ¶ 22.)

## ARGUMENT

## THIS COURT LACKS SUBJECT-MATTER JURISDICTION OVER THE COMPLAINT

### A. This Court Lacks Jurisdiction over Plaintiffs' Wrongful Levy Claims

Plaintiffs maintain that this is an action "for wrongful levy by the IRS." Complt. ¶ 1. Although this Court and its predecessor, the Court of Claims, have held that they have jurisdiction over wrongful levy claims generally under the Tucker Act, 28 U.S.C. 1491(a)(1), the Court does not have jurisdiction over the claims in this case because plaintiffs allege that they were levied upon to satisfy their own tax liabilities, not the tax liabilities of others.

#### 1. This Court's Tucker Act jurisdiction over wrongful levy claims does not extend to levies imposed to satisfy plaintiffs' own tax liabilities

---

demand requirements of § 6303(a). *See* 26 U.S.C. § 6665(b) (exempting "any addition to tax under section 6651" from requirement in § 6665(a)(1) that "penalties provided by this chapter shall be paid upon notice and demand").

In *Gordon v. United States*, 649 F.2d 837 (Ct. Cl. 1981), the Court of Claims held that it had subject matter jurisdiction over wrongful levy claims under the Tucker Act, 28 U.S.C. § 1491, reaffirming its previous holdings that it had such jurisdiction under an implied in fact contract theory. *See id.* at 838 (citing *Kirkendall v. United States*, 31 F. Supp. 766, 769-70 (Ct. Cl. 1940)). The issue in *Gordon* was whether the enactment of 26 U.S.C. § 7426 in the Federal Tax Lien Act of 1966, Pub. L. No. 89-719, 80 Stat. 1125 (1966), deprived the Court of Claims of this jurisdiction. *See Gordon* at 838. Section 7426(a)(1) provides in relevant part as follows:

> *Wrongful Levy*. — If a levy has been made on property or property has been sold pursuant to a levy, any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States.

The *Gordon* court rejected the United States' argument that, by enacting the Federal Tax Lien Act, Congress intended to deprive the Court of Claims of wrongful levy jurisdiction by expressly granting such jurisdiction only to the district courts in § 7426(a)(1). *See Gordon* at 839-43. *Gordon* reached this conclusion in principal reliance on an American Bar Association report contained in the legislative history of the Federal Tax Lien Act that made specific mention of the Court of Claims's Tucker Act jurisdiction over wrongful levy claims. *See id.* at 840-41. Relying on this report, *Gordon* reasoned that, because Congress was aware of the Court of Claims's wrongful levy jurisdiction yet did not unambiguously remove it, Congress intended to preserve the Court of Claims's wrongful levy jurisdiction. *See id.* at 842-43.

This Court's wrongful levy jurisdiction under the Tucker Act, however, extends only to claims brought by third-parties to recover funds levied from them to satisfy the tax liabilities of others. This was made clear in *Kirkendall*, where the Court of Claims first held that it had

jurisdiction to hear wrongful levy claims. There, the Court rejected the United States's argument that the plaintiff should have availed herself of the procedures for bringing a refund claim, reasoning as follows:

> The defendant contends that this money, having been applied to taxes due by Hartzell under the Revenue Law and no timely refund claim having been made by the plaintiff, or her husband, cannot now be recovered. It is only necessary to say that a refund claim is an appropriate action under the revenue statutes to recover money paid as taxes when made by the party who paid the tax. There is no claim that either Kirkendall or the plaintiff paid, or had assessed against them, any taxes, and certainly a refund claim would not have been an appropriate action for them to take.

*Kirkendall* at 769. Thus, the *Kirkendall* court limited its holding that the Tucker Act provides a basis for jurisdiction to hear wrongful levy claims to cases where the plaintiff was not "the party who paid the tax." *Id.* Subsequent opinions confirm this limitation on wrongful levy jurisdiction under the Tucker Act. *See, e.g., Tchakarski v. United States*, 69 Fed. Cl. 218, 222 (2005) (citing *Gordon* for the proposition that "the United States Court of Federal Claims has jurisdiction to hear third party levy contests"); *Document Management Group, Inc. v. United States*, 11 Cl. Ct. 463, 467 (1987) (citing *Kirkendall* for the proposition that "[i]mplied-in-fact contract jurisdiction provides relief where a third party is levied"); *Gordon* at 839 (Tucker Act grants "jurisdiction to hear third-party levy actions").

This limitation on Tucker Act jurisdiction in wrongful levy actions deprives this Court of subject-matter jurisdiction over plaintiffs' wrongful levy claims. The levied funds that plaintiffs seek to recover in this action were levied to satisfy plaintiffs' own tax liabilities for the 1985 and 1986 tax years. Thus, under *Kirkendall* and *Gordon*, this Court lacks jurisdiction over plaintiffs' wrongful levy claims, because they are not based on levies made to satisfy the tax liabilities of a

third party.[6]

**2. No other statutory provision provides this Court with subject-matter jurisdiction over plaintiffs' wrongful levy claims**

Plaintiffs contend that, in addition to Tucker Act jurisdiction under *Gordon*, 26 U.S.C. § 7426 provides this Court with subject-matter jurisdiction over plaintiffs' wrongful levy claims. *See* Complt. ¶ 3. This contention is mistaken. Although § 7426(a)(1) does permit a person to bring a wrongful levy claim, provided that the person is someone "other than the person against whom is assessed the tax out of which [the] levy arose," it only expressly permits such an action to be brought "in a district court of the United States," not in the Court of Federal Claims. Thus, § 7426 does not provide an alternate basis for jurisdiction in this Court over plaintiffs' wrongful levy claims.[7]

---

[6]Plaintiffs also allege (¶ 14) that property held by their children has been levied and subjected to liens to satisfy plaintiffs' tax liabilities. Plaintiffs' complaint, however, does not allege the identity of the children whose property was allegedly levied and subjected to liens to satisfy their tax liabilities, the dates of these of these alleged liens and levies, or the property to which the liens and levies relate. Furthermore, even if liens and levies against plaintiffs' children's property have taken place, their children are not plaintiffs in this action, and plaintiffs have made no showing that they have standing to litigate claims of their parents or their children. *See Saladino v. United States*, 62 Fed. Cl. 782, 793 (Fed. Cl. 2004) (observing that plaintiff's complaint was subject to dismissal where plaintiff sought to litigate tax refund suit on behalf of third-parties because plaintiff's complaint neither "ma[de] nor attempt[ed] a showing that any of the requirements of third-party standing are present").

[7]*Gordon* is not to the contrary. In *Gordon*, the Court of Claims did hold that Congress, in enacting the Federal Tax Lien Act of 1966, intended to apply 26 U.S.C. § 6532(c), the statute of limitations applicable to wrongful levy actions brought under § 7426(a)(1), to wrongful levy actions brought in the Court of Claims under the Tucker Act, rather than the 6-year statute of limitations in 28 U.S.C. § 2501 ordinarily applicable to actions brought under the Tucker Act. *See Gordon* at 843-44. The *Gordon* court, however, did not hold that the Federal Tax Lien Act of 1966 supplanted the Tucker Act as the jurisdictional basis for wrongful levy actions in the Court of Claims. *See id.* at 842, 843 (noting that § 7426 provides for equitable remedies not available in this Court, and holding that "Congress did not intend [§] 7426 to withdraw Tucker Act jurisdiction of third-party levy contests from this Court").

Furthermore, no other statutory provision provides this Court with jurisdiction over plaintiffs' wrongful levy claims. To the extent that plaintiffs seek return of the money levied to satisfy their outstanding tax liabilities, their complaint is really a complaint for a tax refund, not a complaint for wrongful levy.

Plaintiffs, however, must follow the statutory procedures for seeking a refund of tax, if that is what they seek. They must fully pay the disputed tax and file a timely claim for refund with the IRS, before filing suit for refund in this Court. *See* 26 U.S.C. §§ 7422(a), 6532(a); *Flora v. United States*, 362 U.S. 145, 150 (1960); *Shore v. United States*, 9 F.3d 1524, 1526 (Fed. Cir. 1993); *see also* RCFC 9(h)(6). Moreover, to the extent plaintiffs are seeking to challenge the IRS's collection of income tax for 1985 and 1986, the tax years' liabilities plaintiffs' social security benefits were levied upon to satisfy, they have not filed a timely claim for refund with the IRS for those years. *See* Ex. 1; Ex. 2. Plaintiffs, however, have neither pleaded any of the required jurisdictional facts for prosecuting a tax refund suit nor have they filed a claim for refund for 1985 and 1986 (the tax years to which the levied funds were applied). *See* Ex. 1; Ex. 2.

Plaintiffs' failure to follow the procedures required for bringing a refund suit also undermines their allegation (¶¶ 5, 6) that this Court has subject-matter jurisdiction over their claims by virtue of its jurisdiction over claims for statutory interest on tax refunds. This Court's jurisdiction over a claim for statutory interest on an overpayment of taxes is dependent upon a determination that plaintiffs have in fact overpaid their taxes and are entitled to a refund. *Cf. Overseas Thread Indus., Ltd. v. United States*, 48 Fed. Cl. 221, 225 (2000) ("A refund claim implicitly carries with it a claim for statutory interest, and thus no separate claim is required to

claim interest.") As this Court lacks jurisdiction over plaintiffs' suit for refund, it cannot make such a determination, and hence lacks jurisdiction over plaintiffs' claims for statutory interest.

**B. This Court Lacks Subject-Matter Jurisdiction over Plaintiffs' Claims under Section 7433**

In addition to a count for wrongful levy, plaintiffs' complaint alleges that defendant has violated 26 U.S.C. § 7433. *See* Compl. ¶ 16. Although their complaint is not perfectly clear on this point, plaintiffs apparently contend that § 7433 was violated for two reasons: first, they contend that the levies were made outside of the statute of limitations for collections established in 26 U.S.C. § 6502(a); and second, they contend that the levies constitute collection action in violation of a bankruptcy discharge. *See* Compl. ¶¶ 15, 19. Neither of these theories vests this Court with subject matter jurisdiction under § 7433.

To the extent that plaintiffs' complaint alleges that the levies were made outside the time prescribed by the collections statute of limitations, § 7433(a) controls. Section 7433(a) provides in relevant part that:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.

Since § 7433(a) expressly permits suit only "in a district court of the United States," this Court does not have jurisdiction to hear § 7433 claims. *See Ledford v. United States*, 297 F.3d 1378, 1382 (Fed. Cir. 2002) (holding that because Court of Federal Claims is not a district court, it lacks subject matter jurisdiction over claims founded upon § 7433(a)); *Standifird v. United States*, 32 Fed. Cl. 731, 734 (1995). Thus, if plaintiffs base their § 7433 claim on an alleged violation of the collection statute of limitations, they allege a cause of action over which subject

matter jurisdiction lies with the United States district courts, not this Court.[8]

Furthermore, jurisdiction over plaintiffs' allegation that the levies were made in violation of a bankruptcy discharge lies with the United States bankruptcy courts, not this Court. Section 7433(e)(1) provides as follows:

> *In general.* — If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service willfully violates any provision of section 362 (relating to automatic stay) or 524 (relating to effect of discharge) of title 11, United States Code (or any successor provision), or any regulation promulgated under such provision, such taxpayer may petition the bankruptcy court to recover damages against the United States.

Section 7433(e)(2) provides, with exceptions not relevant here, that a petition in bankruptcy court is "the exclusive remedy for recovering damages resulting from" a violation of a provision in 11 U.S.C. § 524 relating to the effect of a bankruptcy discharge. § 7433(e)(2)(A). Consequently, this Court lacks jurisdiction over plaintiffs' claim that the levies upon their social security benefits violated a bankruptcy discharge order. *Cf. G.B. "Boots Smith" Corp. v. United States*, No. 2:05mc113KS-MTP, 2006 WL 2708593, at *2 (S.D. Miss. Sept. 20, 2006) (holding that district court lacked subject matter jurisdiction over claim against the United States for damages resulting from an alleged violation of the automatic bankruptcy stay under 11 U.S.C. § 362 because under § 7433(e)(2)(A) "the proper forum for a claim for damages arising out of an alleged breach of the automatic stay provision is the bankruptcy court, not the district court").

---

[8]We note, in any event, that the statute of limitations on collection was tolled during the pendency of the bankruptcy proceedings, and for six months after the termination of each bankruptcy proceeding. *See* 26 U.S.C. § 6503(h).

### C. This Court Lacks Subject-Matter Jurisdiction over the Constitutional Claims

In addition to a count for wrongful levy, the complaint alleges that the levies violated plaintiffs' rights under both the Due Process Clause and Just Compensation Clauses of the Fifth Amendment (and the Fourteenth Amendment's Due Process Clause). This Court does not have subject matter jurisdiction over plaintiffs' claims under any of these Clauses.

Although the Tucker Act gives this Court jurisdiction over claims against the United States that are "founded upon . . . the Constitution," 28 U.S.C. § 1491(a)(1), its jurisdiction over constitutional claims is restricted to those that "require the payment of money damages . . . ." *Murray v. United States*, 817 F.2d 1580, 1582-83 (Fed. Cir. 1987) (citing *United States v. Mitchell*, 463 U.S. 206, 218 (1983)). Consequently, the Court of Federal Claims lacks subject-matter jurisdiction over Due Process claims because they do not require the payment of money. *Fry v. United States*, 72 Fed. Cl. 500, 507 (2006); *Inter-Costal Xpress, Inc. v. United States*, 49 Fed. Cl. 531, 542 (2001).

Finally, this Court does not have subject-matter jurisdiction over plaintiffs' Fifth Amendment takings claims. Although this Court generally has jurisdiction over takings claims because they require the payment of money, collection of a tax liability by means of a levy is not a Fifth Amendment taking. *Fry* at 508-09; *Castillo Morales v. United States*, 19 Cl. Ct. 342, 345 (1990) ("where . . . a taxpayer disputes an IRS levy on its property, the appropriate course of action is a direct challenge of the levy, not the prosecution of a fifth amendment claim").

## CONCLUSION

For the reasons stated, the complaint should be dismissed for lack of subject-matter jurisdiction.

Respectfully submitted,

January 12, 2007

s/ Joseph B. Syverson

JOSEPH B. SYVERSON
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6495

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
MARY M. ABATE
Assistant Chief

s/ Mary M. Abate

January 12, 2007

Of Counsel