**ORIGINAL**



FILED
SEP 8 2006
U.S. COURT OF
FEDERAL CLAIMS

August 31 2006, Thursday
Jeffrey D. Moffatt, Attorney
Robert and Vienna Leshin, Petitioner
43625 N Sierra Hwy, Suite A
Lancaster CA 93534
(661) 945-6121
FAX (661) 945-3019
EMAIL: Jeffreymbajd@hotmail.com

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

ROBERT AND VIENNA LESHIN
~~Petitioner~~ Plaintiff

V.



United States
~~COMMISSIONER OF THE INTERNAL REVENUE SERVICE~~
~~Respondent~~ Defendant

No. 06-637 T

## COMPLAINT FOR WRONGFUL LEVY BY IRS

A.  **NATURE OF THE ACTION.**

1.  This is a civil action for wrongful levy by the IRS. The IRS has wrongfully levied Petitioners, and they request a return of their money with interest.

B.  **JURISDICTION**

2.  This case is being brought under the Tucker Act, 28 U.S.C. 1491 (1988), since this case partially revolves around suit for money founded upon (1) the Constitution, (2) an act of Congress, (3) an Executive Order, (4) a Regulation of

1

Leshin V. Commissioner of the Internal Revenue Service

**EXHIBIT 1**

an Executive Department, or (5) any express or implied-in-fact contract with the United States. Wronged Taxpayers can bring suit under the Tucker act, 28 U.S.C. 1491(a) (1) (1992).

3. The Jurisdiction of the Court is invoked under the authority of 26 USC Sections 7426, and 28 USC Section 1346 (a) (2) also known as the Little Tucker Act is proper here since the present levied amount is less than $10,000., relating to the jurisdiction of the Court of Claims in wrongful levy suits.

4. The Court of Claims has proper jurisdiction also under Gordon v. United States, wrongful levy actions. 227 Ct. Cl 328 649 F. 2d 837 (1981) as well as Document Management Group v. United States, 11 Cl Ct 463 (1987).

5. In Amoco, the Court of Federal Claims advised it had jurisdiction to hear a claim for statutory interest, and that the claim procedures of IRC 7422(a) were not required. Petitioner argues they can similarly file a claim for statutory interest.

6. In Citadel Industries Inc v. United States, the Court of Federal Claims assumed subject matter jurisdiction for interest alone. Petitioner believes that also under Citadel, this court has jurisdiction.

7. This case solely involves the taking of money and the return of that money, as well as interest on that money. As such, the Court of Federal Claims is the proper forum.

C   COURT REVIEW OF RESPONDENT'S ACTIONS

8. This Court can review actions of the IRS. . This review may be performed under

the standards of the Administrate Procedure Act which looks to determine if the following activities have taken place: (arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law and unsupported by substantial evidence on the whole record; contrary to constitutional right, power, privilege, or immunity; in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; without observance of procedure required by law) in the U.S. Court of Federal Claims 28.U.S.C.S 1346 (a)(2) ("Little Tucker act) and 28.U.S.C.S 149(a)(1) (" Big Tucker Act').

9. Jurisdiction in the U.S. Court of Federal Claims is possible since there exists more than $100,000.00 Respondent is attempting to collect from Petitioners.

D. WAIVER OF SOVERIGN IMMUNITY

10. The Tucker Act grants authority of the Federal Court of Claims to hear these cases, as well as provides a waiver of sovereign immunity.

E. VENUE

11. The Tucker Act provides that the Court of Claims is the proper venue.

F. STATUTE OF LIMITATIONS

12. Petitioner's Levy he is complaining of has taken place in July of 2006, and also September 2006 therefore the pursuant to 2501 of Title 28, USC. A claim for just compensation has been instituted within six years of the "accrual" of the claim. Under Gordon v. United States, 227 Ct. Cl 328, 649 F.2d 837(1981). the Court of Claims held that it possesses jurisdiction, pursuant to the Tucker Act, over wrongful levy actions, but that, consistent with 26 U.S.C. section 6532 ( C), such

3

an action must be commenced within nine months of the date of levy. Given that this suit is being placed within 30 days of the taking, this Court has jurisdiction under Gordon, supra.

G. PARTIES

13. Petitioners are private citizens whom live at 9644 E. S-12 Littlerock, CA 93543 TIN ████████, and ████████ The Respondent is the United States of America acting through the Commissioner of the Internal Revenue Service.

H. BACKGROUND OF FACTS

14. Petitioner's have been faced with unfortunate circumstances. They have had their parents accounts levied, Parent's trust accounts have been frozen, children's savings and checking accounts have also been levied. Petitioner's Mother has been unable to buy her food, nor her oxygen because of the total levies. Petitioner's submitted an Offer in Compromise which was wrongly rejected based on errors in calculation of land values, as well as wrongfully including values of Petitioner's family accounts in the asset valuation of Petitioner. Prior to the rejection of this Offer, Petitioner's should have been in a protected collection status. Petitioners were also in a Collection Due Process Status, which also allows for a protected collection status from enforced activities such as a levy. Respondent violated this protected collection status and levied Petitioner's various Social Security payments from Petitioner's parents also in error.

H.  **CONSTITUTIONAL VIOLATIONS**

15. Petitioners have been denied their Due Process rights under both the Fourteenth and Fifth Amendments, when Petitioners were denied their respective settlement agreements without being provided a proper hearing. Petitioner has also been denied his Constitutional rights, by the unlawful taking of Petitioner's property including, but not limited to, the wrongful levy.

I.  **COSTS**

16. Costs may be awarded by the Court of Federal Claims in tax cases as in other cases. Section 7430 of Title 26, USC provides for an award of costs in tax cases.

J.  **DAMAGES**

17. Petitioner is being faced with a levy to Nora, account ██████████████

██████████████████████████████

██████████████████████████████

██████████████

**INTEREST**

18. Under Section 301.6402-2(f) (2) of the regulations of the Department of the Treasury provides for interest to be sent to Petitioner's Counsel. Accrued interest is available under 26 U.S.C. Section 6402(1994).

L.  **REQUEST FOR RELIEF**

19. Petitioner's request the return of the wrongful levy, as well as legal fees. Attorney fees in tax cases can be obtained under IRS Section 7430.

5

Respectfully submitted,

*[signature]*

Jeffrey D. Moffatt, Attorney

U.S. Court of Federal Claims

Attorney for Petitioners Robert and Vienna Leshin

(661) 945-6121 / Fax (661) 945-3019

43625 N Sierra Hwy, Suite A.

Lancaster, CA 93534

E-mail Address: jeffreymbajd@hotmail.com