IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-640 T
(Judge Nancy B. Firestone)
ALEX W. and ANN CHERNABAEFF

Plaintiffs,

V.

THE UNITED STATES,

Defendant,

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

Plaintiff's respectfully moves this Court not to grant Defendants Motion to Dismiss under Rules (12(b) (1) and for the foregoing reasons: (1) This Court does have jurisdiction over the subject matter. (2) Plaintiff's have also established subject matter jurisdiction in the Complaint, as well as Plaintiff's Opposition to Defendant's Motion to Dismiss the Complaint.

## A. TOPICAL INDEX


A. Topical Index ………………………………………… 2
B. Table of Authorities ……………………………………… 3
C. Statement of Issues……………………………………… 6
D. Introduction…………………………………………… 8
E. Taxes Types and Years at Issue 9

F. Argument…………………………………………………
i. PLAINTIFF'S BANKRUPTCY DISCHARGE 9
ii. APPEAL FOR WRONGFUL LEVY 13
iii. IRM 34.1.1.5 (08-11-2004)SUITS BY TAXPAYER ALLEGING IMPROPER ACTS BY THE IRS JURISDICTION ALSO CAN BE OBTAINED FOR UNAUTHORIZED COLLECTION ACTION 13
iv. THIS COURT CAN REVIEW OF DEFENDANT'S ACTIONS . … 14
v. CONSTITUTIONAL VIOLATIONS 16
vi. THE COURT DOES HAVE SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S CLAIMS VIA MONEY MANDATING REQUIREMENTS OF THE TUCKER ACT AS MODIFIED BY FISHER AND WHITE MOUNTAIN APACHE TRIBE 17
vii. FEDERAL COURT OF CLAIMS JURISDICTION VIA FISHER v. UNITED STATES, 18
viii. MONEY MANDATING 19
ix. DUE PROCESS VIOLATIONS 19
x. PLAINTIFF CAN THEN THROUGH THIS COURT OBTAIN INJUNCTIVE RELIEF, AS WELL AS EQUITABLE AND EXTRAORDINARY RELIEF UNDER THE TUCKER ACTS AMENDMENT. 20
xi. REFUND ACTIONS 20
xii. DEFERENCE TO EXECUTIVE AUTHORITY DOES NOT EXTEND TO IGNORING BASIC DUE PROCESS CONSIDERATIONS 21
xiii. JURISDICTION EXISTS TO EXAMINE DUE PROCESS CLAIMS 22
xiv. UNITED SALES V. UNITED STATES, 34 FED. CL. 88 CONFERRED LIMITED DECLARATORY JUDGMENT

AUTHORITY ON THIS COURT OVER NONMONETARY DISPUTES 22

xv. PROCEDURAL RIGHTS GUARANTEED IN THE COURT OF CLAIMS **23**
xvi. FIFTH AMENDMENT TAKING 23
xvii. THE COURT MAY CONSIDER ALL RELEVANT EVIDENCE, INCLUDING EVIDENCE OUTSIDE THE PLEADINGS WHEN RESOLVING A JURISDICTIONAL CHALLENGE 24

xviii. MOTIONS TO DISMISS ARE DISFAVORED 24

xix. FAILURE TO SET FORTH EVERY ELEMENT OF A CLAIM IS NOT FATAL 25

G. Conclusion 25
H. Certification 27
Bankruptcy Discharge 3/29/95 Case: 189-00215B-12K Exhibit 1p
Refund for 1988, given in March of 2007 Exhibit 2p
Intent to levy notices 1985-1988 Exhibit 3p
November 2006 Decision letter Exhibit 4p
Social Security Benefit Statement showing levies Exhibit 5p

## B. TABLE OF AUTHORITIES

*Bruning v. United States*, 376 U.S. 358, 360, 84 S. Ct. 906, 11 L. Ed. 2d 772, 1964-2 C.B. 500 (1964) 10

Citadel Industries Inc v. United States *314 F. Supp. 245 (S.D.N.Y. 1970).* 16

Collier v. United States, 56 Fed. Cl. 354. cited by Johnson v. United States, 79 F. Supp. 208, 211, 111 Ct. Cl. 750 (Ct. Cl. 1948) **22,23**
**In re Cousins, 238 B.R. 503 (D. N.H. 1999)** 10,11

Decatur v. Paulding, citied in FISHER v. UNITED STATES, 2-5082 UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT 402 F.3D 1167; 2005 U.S. APP. LEXIS 3911MARCH 9, 2005, 18

Document Management Group v. United States, 11 Cl Ct 463 (1987). 15

FISHER v. UNITED STATES, 2-5082 UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT 402 F.3d 1167; 2005 U.S. App. LEXIS 3911March 9, 2005, 17,18,21

Gordon v. United States, 227 Ct. Cl 328, 649 F.2d 837(1981) 14,15
Johnson v. United States, 79 F. Supp. 208, 211, 111 Ct. Cl. 750 (Ct. Cl. 1948) **22,23**

In re Mitchell, 210 B.R. 978 **10,11**
Morfeld v. Kehm, 803 F.2d 1452, 1454 n.3 (8th Cir. 1986) 24
Sales v. United States, 34 Fed. Cl. 88 ,20,22,23,24
United States v. Williams, 514 U.S. 527 (1995), ,13,14,20,21
United States v. White Mountain Apache Tribe, 537 U.S. 465, 155 L. Ed. 2d 40, 123 S. Ct. 1126 (2003), 17,18,20
Wilson v. United States, 58 Fed. Cl. 760, 762 (2003) 24

**CONSTITUTIONAL CLAIMS**

Fourteenth 16
Fifth Amendments 16,22,23,24

**MISCELLANEOUS**

Administrative Procedure Act 5 U.S.C. § § 551-59, 701-06. 14,18

Fed. R. Civ. P. 8((a) (2). 25
5 Drake J. Agric. L. 137 10
26 U.S.C. section 6532 ( C) 15

26 USC Sections 7426, 15,19,20

28.U.S.C.S 1346 (a)(2) (“Little Tucker act) 13,15,20,21

28.U.S.C.S 1491(a)(1) (“ Big Tucker Act’). , 14,15,

RRA 98 8,9,12
Rev. Rul. 05-49, 2005-30 I.R.B. 125, 2005 WL 1710988 (July 25, 2005) 13

The Internal Revenue Service Has Significantly Improved Compliance With Legal and Internal Guidelines When Seizing Taxpayers’ Property August 2000 Reference Number: 2000-10-114 13

IRM 34.1.1.5 (08-11-2004) UNAUTHORIZED COLLECTION ACTION 9,13

**IRC Sections**

§IRC §6330(c) 8,9
§IRC §6342(e) 12
**§IRC 6404 16**
§IRC 7122 8
§IRC 7433b 13,18,19
§3432 12
§3462 8,12
§3462 (d) 12

## C. STATEMENT OF ISSUES

This is a civil action for wrongful levy by the IRS. The Complaint should go forward based on proper subject matter jurisdiction since Plaintiffs, Mr. and Mrs. Chernabaeff identified multiple money-mandating statutes providing for jurisdiction under the Tucker Act as well as other grounds for jurisdiction. Case law provides for the review of executive decisions of Defendant in this court, when done in violation of Defendant's own rules. Violations of Defendant's own rules and procedures as well as Constitutional violations have taken place against Plaintiff. This court further has jurisdiction over Constitutional violations when a related money mandate exists.

Plaintiff have levies against both Plaintiff husband and Plaintiff wife's social security, **Exhibit 5p**. The levies are based upon amounts that have been discharged via Bankruptcy, **Exhibit 1P which concluded 3-29-95**. The intent to Levy notices referenced multiple years that should have been discharged in the Bankruptcy, **Exhibit 3P**, and the resulting effect on Social Security, **Exhibit 5P**. Note that after the filing of this case, some of the levied amounts have been refunded to other tax years, which should also have been deemed discharged by the Bankruptcy. This refunding in itself assists in proving, prima facia that Defendant has committed an error. Having debt discharged via Bankruptcy should remove Plaintiff from forced collection activities such as levy actions for that same discharged debt.

Additionally many of the tax debts should be outside the statute of limitations since more than 10 years have elapsed from the IRS filing and this present case in 2007, under IRC 6502(a)(1). Collecting on the balances that should have been discharged both by bankruptcy and the statute of limitations is a further abuse of procedure.

Additionally, case law provides for review of arbitrary and capricious decisions in this court by executive branches of the government. Case law also allows this court to determine if proper procedures were followed. The review of the failure of Defendant to follow proper procedures is judiciable and therefore reviewable. This reviewability gives Plaintiff yet another argument that he is properly before the correct Court.

If Plaintiff's IRS debt was properly discharged through Bankruptcy, then the money taken would have been paid on a no longer existing debt. As such, a refund action could proceed in this Court. Plaintiff 's IRS debts were discharged, except to a select few from Defendant. 843's, Request for Refunds have been submitted to Defendant and not honored. This court has jurisdiction to hear this case as a Refund Action.

As to the refund action based on 940 and 943 Trust fund penalties, these penalties are deemed segregable and do not have to be fully paid, prior to requesting a refund. An 843 has been submitted, such that a valid refund exists as to these Trust Fund Penalties.

A Motion to Dismiss under Rule 12(b) (1) should be granted only if it appears beyond a doubt that no relief could be granted**.** A Motion to Dismiss is disfavored and therefore this court should hear this case.

A possible failure to set forth every element of a claim is not required, and therefore this case can move forward within this Court.

Plaintiff has established in the Complaint and this document, that the Court of Federal Claims has jurisdiction in this case and that a valid issue exists that relief can be granted on. As such denying Defendant's motion to dismiss would be proper.

## C. INTRODUCTION

> Plaintiffs have been faced with unfortunate circumstances. Plaintiff essentially lost there entire farming business. The Bankruptcy trustee took control of crop production, which resulted in poor choices and continued losses. Despite this Plaintiff's Chapter 12 debt was deemed discharged. The IRS however has not honored the Bankruptcy discharge and continued to collect on debts which go back into the mid 1980's via levy actions on Plaintiff's respective social security payments.

Plaintiff husband is 80 years old and Plaintiff wife is 79 years old. Having Defendant pursue Plaintiff for discharged debt, which is over 20 years old is both an abuse of process and unconscionable, when the health and age of Plaintiff is not taken into consideration.

Due to Plaintiff's poor financial plight, minimal net income combined with his age and his medical condition, Plaintiff's submitted an Offer in Compromise. The Offer in Compromise (OIC), which was submitted to the Service due to Plaintiff inability to pay, constitute **RRA 98 violations**

**RRA 98** expands the authority for the IRS to accept offers in compromise. The Act requires the IRS to develop and publish schedules of national and local allowances that will provide taxpayers entering into an offer in compromise with adequate means to provide for basic living expenses [§3462] [IRC §7122].

Plaintiffs were also in a Collection Due Process Status/ Equivalent Hearing, which also allows for a protected collection status from enforced activities such as a levy. IRC §6330(c) grants the authority for judicial review.

If a taxpayer exercises rights pursuant to the Collection Appeals process/ Equivalent Hearing the Internal Revenue Service is precluded from taking levy or lien action during the pendency of the proceeding except in the event of jeopardy or a levy upon a state tax refund. **RRA 98.** Additionally IRM 34.1.1.6 (08-11-2004) REVIEW OF IRS DUE PROCESS HEARINGS, the district courts have jurisdiction to review the Service's determination reached in due process hearings conducted under sections 6320 and 6330. If the District court has jurisdiction to review CDP hearings, then this court should have similar jurisdiction.

While in this protected status on several grounds, Defendant instituted levy actions on both Plaintiff husband and Plaintiff wife in error.

**E. TAXES AND YEARS AT ISSUE**

| TAX TYPE | YEAR |
|---|---|
| 1040 | 1985 |
| 1040 | 1986 |
| PAYROLL 943 | 1986 |
| 1040 | 1987 |
| PAYROLL 943 | 1987 |
| 1040 | 1988 |
| FUTA/940 | 1988 |
| 1040 | 1991 |

F. **ARGUMENT**

**i. PLAINTIFF'S BANKRUPTCY DISCHARGE**

Plaintiff's had a bankruptcy which discharged substantially all of the IRS related debts. Defendant's have been unwilling to consider this, despite Plaintiff's protests to the contrary. Plaintiff had an Equivalent Hearing in March of 2006. A determination letter was issued on 11/17/2006. This Determination Letter is Exhibit 1P. On page 5 of this

document, Plaintiff's representative articulated the following: " On March 29, 1995, the taxes, penalties, and interest were discharged per Court Order for the years 1985, 1986, 1987, 1988 for the 1040 and 940 taxes."

Defendant was further notified, by current counsel that they are in violation of IRC 7533(b). This is documented on Exhibit 4P. Despite Defendant's contentions to the contrary, the 1985 through 1988 debts have been discharged through a Bankruptcy Proceeding and wrongfully levied. The claims of Plaintiff's Counsel reflect the rule in Cousins. **In re Cousins, 238 B.R. 503 (D. N.H. 1999)** - The district court affirmed the bankruptcy court's decision that debtors were not liable for post-petition interest on the Service's non-dischargeable prioritytax claim, when interest was not provided for in the debtors' confirmed Chapter 12 plan. The Court found the Service's reliance on Bruning v. United States, 376 U.S. 358, 84 S. Ct. 906, 11 L. Ed. 2d 772, 1964-2 C.B. 500 (1964) unpersuasive as Bruning is effectively a Chapter 7 case, not applicable to a confirmed plan of reorganization.

Additionally "a Chapter 12 plan is not required to provide for the payment of post petition interest on a priority tax claim. Unlike chapter 11, chapter 12 does not provide tax claims with the present value of the amount of the claim. Thus the court in In re Mitchell concluded that a priority tax claim held by the Internal Revenue Service is not entitled to interest accruing after plan confirmation." 5 Drake J. Agric. L. 137 referring to In re Mitchell, 210 B.R. 978

Mitchell was challenging a similar issue Plaintiff's are, this issue is "after plaintiff debtors received discharge of Chapter 12 plan, the defendant claimed that post-petition

interest and penalties on pre-petition tax debt were not discharged. 11 U.S.C.S. § 1222, 26 U.S.C.S. § 6658(a)(2)(B)(ii)."

"Plaintiff debtors filed for protection under Chapter 12 of the Bankruptcy Code. The plan was confirmed, the plaintiffs made all required plan payments, and received a discharge. The defendant United States, through the Internal Revenue Service (IRS), then claimed that post-petition interest and penalties on pre-petition tax debt were not discharged when plaintiffs completed the Chapter 12 plan. The court found that the plaintiffs were not liable for post-petition interest and penalties on their pre-petition tax debt, holding that courts had interpreted 11 U.S.C.S. § 1222 as not requiring payment of the present value of the tax debt. The court found that in turn, this barred claims by the IRS for post-petition interest on pre-petition unsecured tax debt. The court also found that 26 U.S.C.S. § 6658(a)(2)(B)(ii) precluded any post-petition additions to a pre-petition tax debt." **Mitchell v. United States (In re Mitchell), 210 B.R. 978, 983 (Bankr. N.D. Tex. 1997),**

Therefore, based on Cousins, and Mitchel, Defendant's claims of post petition interest being attributable to Petitioners are in error. This error can be corrected by this court, such as the District Court did in Cousins, supra.

Only after this case was filed, did Defendant agree by refunding $15,474.76 to Plaintiff's, from the 1985 tax year and moving that refund to tax year 1991. The document proving this point, is dated March 26, 2007, and marked as Exhibit 2P. Note that the payment to 1991 gives credence to a proper refund action in this court for the year 1991.

To further give an example that the levied amount attributes to at least one of the protected years, is a Notice of Intent to Levy, dated 2-26-07, on tax year 1986, marked as Exhibit 3p page 2. This Exhibit also shows Notice of Intent to Levy notices for 1985, 1987, and 1988.

Plaintiff submitted two OIC's that were wrongly rejected despite the data provided and Plaintiff's inability to satisfy the debt with there Social Security payments within the statute of limitations. In as much as Defendant has cut funding to the OIC process by nearly 75% and significantly reduced staff to review OIC's. This funding decline and staff reduction has resulted in Plaintiff not having the OIC properly evaluated. Defendant, possibly due to the staffing cut back, has also denied Plaintiff their proper administrative remedies, which again is a Federal Due Process violation. **RRA 98** requires the IRS to immediately release a wage levy upon agreement with the taxpayer that the tax is not collectible, effective for levies imposed after December 31, 1999. [§3432] [IRC §6342(e)] This levy release has not been complied with by Defendant, which is yet another violation of Defendant's own policies. The wage levy and levy upon Social Security to Plaintiffs are synonymous types of levies.

§3462 (d) now enacts into law specific rights for independent review of Offers in Compromise by the Internal Revenue Service Office of Appeals. Defendant failed to follow the proper procedures for independent review, which also resulted in the wrongful levy to Plaintiff. Defendant levied and continues to levy Plaintiff various Social Security payments such that caring for Plaintiff's elderly family is impaired. Therefore, the Levy action has been in error

**ii. APPEAL FOR WRONGFUL LEVY**

Rev. Rule. 05-49, 2005-30 I.R.B. 125, 2005 WL 1710988 (July 25, 2005) states that parties in the Ninth Circuit are presently permitted to challenge IRS levies through either a wrongful-levy action or a refund action. Review by this Court should be available under the Ninth Circuit expansion since Plaintiff lives in the Ninth Circuit Jurisdiction. Additionally, Defendant has done a self assessment and identified possibilities for wrongful levies. The Internal Revenue Service Has Significantly Improved Compliance With Legal and Internal Guidelines When Seizing Taxpayers' Property August 2000 Reference Number: 2000-10-114

**iii IRM 34.1.1.5 (08-11-2004) SUITS BY TAXPAYER ALLEGING IMPROPER ACTS BY THE IRS CAN RESULT IN JURISDICTION. JURISDICTION ALSO CAN BE OBTAINED FOR UNAUTHORIZED COLLECTION ACTION**

Unauthorized Collection Actions provide for a money mandating remedy, which is the touch stone for the modified Tucker Act. Taxpayers may bring suit for damages if an officer or employee of the Service recklessly or intentionally, or by reason of negligence, disregards any provision of the Code or any regulation there under in connection with any collection of tax. Section 7433. If authority exists to sue Defendant or Defendant's agents for wrongful acts, then authority exists in this court to claim the return of the money taken as well as any accumulated interest.

United States v. Williams, 514 U.S. 527 (1995), overruled the "longstanding exclusivity rule" with respect to wrongful-levy claims. Williams, held that a party "who paid a tax under protest to remove a lien on her property, ha[d] standing to bring a refund

action under <u>28 U.S.C. § 1346(a) (1</u>), even though the tax she paid was assessed against a third party," where she had "no realistic alternative to payment of a tax she did not owe" and would otherwise have been left "without a remedy." <u>Williams</u>, at 529.

Plaintiffs are exactly in this position in that if the Bankruptcy had been honored or the OIC had been approved, Plaintiffs would have been the third party, whom is still being subjected to levy actions; even though Plaintiffs no longer would have had a debt with Defendant for the years in question. The refund on Tax Year 1988, Exhibit 2P, is a case in point. As such, <u>Williams</u>, supra is on point as to Plaintiff and this should be grounds for this case to continue.

<u>Gordon</u>, 649 F.2d at 843-844 held that the statute of limitations for wrongful-levy actions applies to challenges to third-party levy actions brought under the jurisdiction of the <u>Tucker Act, 28 U.S.C. 1491</u>. Gordon here satisfies that the Tucker Act applies to wrongful levies, and that if Plaintiff Bankruptcy and or OIC had been properly granted they would have been a third party. This third party relationship, under Gordon, allows this court to have jurisdiction on its face.

## <u>iv THIS COURT CAN REVIEW DEFENDANT'S ACTIONS</u>

This Court can review actions of the Defendant, IRS. Although case history indicates that the IRS may be outside the Administrative Procedures Act, this Court can review acts for an abuse of discretion. Plaintiffs believes that the basis for abuse of discretion parallels that of the standards of the Federal **<u>Administrative Procedure Act, 5</u> U.S.C. § 551-59, 701-06** which looks to determine if the following activities have taken place: (arbitrary, capricious, an abuse of discretion, or otherwise not in

accordance with law and unsupported by substantial evidence on the whole record; contrary to constitutional right, power, privilege, or immunity; in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; without observance of procedure required by law, 28.U.S.C.S 1346 (a)(2) ("Little Tucker Act**) and 28.U.S.C. 1491(a)(1)** (" Big Tucker Act').

Under Gordon v. United States, 227 Ct. Cl 328, 649 F.2d 837(1981). the Court of Claims held that it possesses jurisdiction, pursuant to the Tucker Act, over wrongful levy actions, but that, consistent with 26 U.S.C. section 6532 ( C), such an action must be commenced within nine months of the date of levy. Given that this suit is being placed within thirty days of the levy, nine months have not transpired, therefore this Court still has jurisdiction under Gordon, supra.

This case is being brought under the Tucker Act, 28 U.S.C. 1491 (1988), since this case partially revolves around suit for money founded upon (1) the Constitution, (2) an act of Congress, (3) an Executive Order, (4) a Regulation of an Executive Department, or (5) any express or implied–in-fact contract with the United States. Wronged Plaintiffs can bring suit under the Tucker act, 28 U.S.C. 1491(a) (1) (1992). The Jurisdiction of the Court is invoked under the authority of 26 USC 7426, and 28 USC 1346 (a) (2) also known as the Little Tucker Act. Jurisdiction is proper here since the present levied amount is less than $10,000., relating to the jurisdiction of the Court of Claims in wrongful levy suits.

The Court of Claims has proper jurisdiction also under Gordon v. United States, wrongful levy actions. 227 Ct. Cl 328 649 F. 2d 837 (1981) as well as Document Management Group v. United States, 11 Cl Ct 463 (1987).

In **Amoco**, the Court of Federal Claims advised it had jurisdiction to hear a claim for statutory interest, and that the claim procedures of IRC 7422(a) were not required. Plaintiffs argue they can similarly file a claim for statutory interest since interest has attached to penalties that should be waived given the age issues Plaintiff husband and wife are facing. Plaintiff has argued to Defendant previously that penalties and interest by themselves, under IRC 6404 (a) and (h) provide for judicial review. There are several cases, which argue that the District Court system has jurisdiction to hear these matters, as well as the Tax Court. If the District Court can hear penalty and interest cases, then this case can be in front of this Court, especially in light of the Amoco decision. The fact that penalties still exist, and interest has compounded upon them, gives this court jurisdiction to hear the case.

In **Citadel Industries Inc v. United States**, the Court of Federal Claims assumed subject matter jurisdiction for interest alone. Plaintiff believes that also under Citadel, this court has jurisdiction on the interest assessed in Plaintiff's case.

This case solely involves the taking of money and the return of that money, as well as interest on that money. As such, the Court of Federal Claims is the proper forum. Note, the 1988 amount due for Payroll assessment is primarily interest, as such jurisdiction should exist at least for tax year 1988.

v. **CONSTITUTIONAL VIOLATIONS**

Plaintiffs have been denied their Due Process rights under both the Fourteenth and Fifth Amendments, when Plaintiffs were denied their Bankruptcy and OIC without being provided a proper hearing. Additionally, Plaintiffs were in the process of a

Collection Due Process hearings/ Equivalent Hearing, also a protected point from forced collection activity by Defendant, and denied the statutory protection. Plaintiffs have also been denied his Constitutional rights, by the unlawful taking of Plaintiff's property including, but not limited to, the wrongful levy during these protected processes. Defendant also failed to follow proper administrative procedures when it denied Plaintiff OICs, since based on Plaintiff husband and Plaintiff wife's respective ages,79 and 80 and living far past the mortality table, that there is no way Defendant could collect an amount higher than was offered in the OICs.

## vi. THE COURT DOES HAVE SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S CLAIMS VIA MONEY MANDATING REQUIREMENTS OF THE TUCKER ACT AS MODIFIED BY FISHER AND WHITE MOUNTAIN APACHE TRIBE

Plaintiffs can establish the existence of a money-mandating law source in order for the Court of Federal Claims to have subject matter jurisdiction over the case under the Tucker Act. Recently, in United States v. White Mountain Apache Tribe, 537 U.S. 465, 155 L. Ed. 2d 40, 123 S. Ct. 1126 (2003), the Supreme Court restated the test for determination of whether a statute is money-mandating for Tucker Act jurisdictional purposes. After repeating the test from Mitchell II, the Court stated that:

"This "fair interpretation" rule demands a showing demonstrably lower than the standard for the initial waiver of sovereign immunity . . . . It is enough, then, that a statute creating a Tucker [*1174] Act right be reasonably amenable to the reading that it mandates a right of recovery in damages. While the premise to a Tucker Act claim will not be "lightly inferred," . . . a fair inference will do." Plaintiffs have made that fair inference here, as such jurisdiction should be granted. The violation

of Bankruptcy code, and the statutory provisions under IRC 7433 (b), providing for a penalty, as well as the penalty for abuse of process satisfy the recovery element required in the Modified Tucker Act. The violation of TOBOR 2, infra. also satisfies the revised Tucker Act requirements.

**vii. FEDERAL COURT OF CLAIMS JURISDICTION VIA FISHER v. UNITED STATES,**

"It would extend unduly this opinion to recite in detail the evolution of judicial review of administrative action during the more than 160 years since Decatur v. Paulding, including the impact of Congress' enactment in 1946 of the Administrative Procedure Act (the APA). 5 U.S.C. § 551-59, 701-06. Today the doctrine of non-reviewability of Executive action is understood to have lost much of its force; although the doctrine has occasional resurgences, it is now generally accepted that there is a presumption in favor of judicial review of Administrative action, except when Congress has expressly mandated otherwise. FISHER v. UNITED STATES, 2-5082 United States Court of Appeals for the Federal Circuit 402 F.3d 1167.

This same trend for judicial review of Administrative actions should be followed as to Defendant in Tax related issues. Although deference is often given to Defendant, this deference should be tempered based on the trend to not grant Defendant an unchecked ability to commit violations of Due Process and its own internal procedures without judicial oversight. To argue otherwise would leave the Internal Revenue Code under Defendant's control, as having a higher level of deference than military decisions which this court can review. This deference would be in error

**viii MONEY MANDATING**

The Taxpayer Bill of Rights 2 (TBOR2), Public Law 104-168 (110 Stat. 1465), amended section 7433 of the Internal Revenue Code of 1986 (Code) by increasing the maximum amount of damages a taxpayer may be awarded for unlawful collection actions from $100,000 to $1,000,000. This TBOR2, creates a money mandating requirement, when viewed under White Mountain Apache, supra, given "that a statute creating a Tucker Act right be reasonably amenable to the reading that it mandates a right of recovery in damages." The fact such a right exists, with TOBOR2, satisfies the money mandating requirement.

RRA 1998 added subsection (h) to section 7426. Subsection (h) which authorizes persons to sue the United States in Federal District Court for damages due to a wrongful levy caused by the reckless or intentional, or negligent, disregard of a provision of the Code. Federal District Court and the Court of Claims parallel jurisdiction against this Defendant, when only money is being sought. Therefore, this section (h) also should allow the Federal Court of Claims jurisdiction.

**ix DUE PROCESS VIOLATIONS.**

**Plaintiffs suffered different due process violations.** These respective violations cover the due process violation requirements necessary for jurisdiction in this court. These violations are sufficient enough to provide the requisite notice to Defendant, such that the claims are kept alive.

**x PLAINTIFFS CAN THEN THROUGH THIS COURT OBTAIN INJUNCTIVE RELIEF, AS WELL AS EQUITABLE AND EXTRAORDINARY RELIEF UNDER THE TUCKER ACTS AMENDMENT.**

Equitable and extraordinary relief is available after the amending of the Tucker act. United Sales v. United States, 34 Fed. Cl. 88 "In 1988, however, the Tucker Act was amended, conferring limited declaratory judgment authority on this court over nonmonetary disputes. The amendment provides in pertinent part: "(3) To afford complete relief on any contract claim brought before the contract is awarded, the court shall have exclusive jurisdiction to grant declaratory judgments and such equitable and extraordinary relief as it deems proper, including but not limited to injunctive relief. In exercising this jurisdiction, the court shall give due regard to the interests of national defense and national security." Defendant being neither national defense or national security arms of the government falls outside the deference protective bubble set forth in Sales, infra. Plaintiffs can then, through this court, obtain injunctive relief, as well as equitable and extraordinary relief under the Tucker acts amendment.

**xi REFUND ACTIONS**

26 U.S.C. 7426, authorizes an action to challenge a wrongful levy, and 28 U.S.C. 1346(a) (1) authorizes an action to recover erroneously collected taxes. Plaintiff has submitted 843 requests for the years and tax types in question. *United States v. Williams*, 514 U.S. 527 (1995), which held that 28 U.S.C. § 1346(a) (1) permits a refund suit when a third person pays a tax under protest to discharge a tax lien from its property. Additionally *WWSM Investors v. United States*, 64 F.3d 456 (9th Cir. 1995)

held that a third person claiming an interest in property levied upon by the Service may file a refund suit after the nine-month limitations period for filing a wrongful levy suit has run. The court relied on *United States v. Williams*, 514 U.S. 527 (1995), which held that 28 U.S.C. § 1346(a)(1) permits a refund suit when a third person pays a tax under protest to discharge a tax lien from its property. The Supreme Court's opinion in *Williams* was premised on a finding that in the absence of a refund suit, the third person would have no meaningful judicial remedy. To be in line with Williams, allowing Plaintiffs an opportunity to challenge the levy as well as the administrative and Constitutional violations is both fair and equitable as well as supported by law, since Plaintiffs would have been a third party if the OIC had been properly administered and or the Bankruptcy Proceeding been honored by Defednant.

**xii DEFERENCE TO EXECUTIVE AUTHORITY DOES NOT EXTEND TO IGNORING BASIC DUE PROCESS CONSIDERATIONS**

"[D]eference to Executive authority does not extend to ignoring basic due process considerations, however. When there is a question of whether reasonable process has been followed, and whether the decision maker has complied with established procedures, courts will intervene, though only to ensure that the decision is made in the proper manner." Fisher Appeals, Supra. Given that Plaintiffs were not afforded the established procedures, the claim by Defendant of a non justiciable question fails, and Plaintiffs should be allowed to have a determination as to the reasonable processes and procedures which should have been followed, but were not. This Court should review this case based on Defendant ignoring basic due process considerations.

Here, in the Equivalent Hearing, and prior CDP cases Plaintiff's made contentions that the Bankruptcy discharged their respective debts. Defendant's agents violated the Bankruptcy order and continued to collect interest, penalty as well as failed to remove principal. The inability of the Defendant to be held accountable in these various hearings amounts to Due Process violations.

**xiii.JURISDICTION EXISTS TO EXAMINE DUE PROCESS CLAIMS**

This Court has jurisdiction for Due Process claims when they are tied to a money-mandating requirement. Here Plaintiffs have, among other claims, a Fifth Amendment claim. Because of this Fifth Amendment claim, Plaintiff's case satisfies the elements which were not satisfied in the Collier decision because Collier failed "to state a Fifth Amendment takings claim" Collier v. United States, 56 Fed. Cl. 354. cited by Johnson v. United States, 79 F. Supp. 208, 211, 111 Ct. Cl. 750 (Ct. Cl. 1948). Plaintiffs therefore will have a proper Fifth Amendment taking case since the Bankruptcy and two OIC's were not properly administered, thereby dismissing Plaintiff's debt, but instead elderly Plaintiffs had their limited social security benefits levied by Defendant. Since Plaintiffs have an interest in Federal Social Security benefit, and this Federal benefit was taken improperly by Defendant this satisfies the basic elements of a Fifth Amendment taking case.

**xiv UNITED SALES V. UNITED STATES, 34 FED. CL. 88 CONFERRED LIMITED DECLARATORY JUDGMENT AUTHORITY ON THIS COURT OVER NONMONETARY DISPUTES**

Additionally, United Sales v. United States, 34 Fed. Cl. 88 conferred limited declaratory judgment authority on this court over nonmonetary disputes.

"[W]hen important individual rights are at issue and are allegedly the subject of administrative abuse, it can be argued that some room must remain for effective judicial review…" Given that even non monetary disputes now have jurisdiction in the Court of Claims under Sales, the administrative actions of Defendant as to the improper levy in violation of Bankruptcy order should similarly be reviewed.

**xv PROCEDURAL RIGHTS GUARANTEED IN THE COURT OF CLAIMS**

The Court of Claims in Scroggins v. United States, 184 Ct. Cl. 530, 397 F.2d 295 (1968), "[T]here remained a residual level of review despite the statute: disability decisions could be reviewed under a highly deferential standard to determine whether there had been "a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error going to the heart of the administrative decision." Id. at 297 (internal quotation marks omitted)." This substantial deviation from procedural rights that took place in an arguable protected area, military actions, similarly gives Plaintiffs the ability to have the Court of Claims review deviations of procedure from Defendant IRS.

**xvi FIFTH AMENDMENT TAKING**

Here, Plaintiffs have alleged a Fifth Amendment claim. The Collier decision was fatal because Collier failed "to state a Fifth Amendment takings claim". Johnson v. United States, 79 F. Supp. 208, 211, 111 Ct. Cl. 750 (Ct. Cl. 1948).

Plaintiffs were levied while in a protected status. By Defendant doing the above actions, they have deprived Plaintiffs of primarily Federal funds and Federal benefits, which allows a legitimate Fifth Amendment claim to exist.

**xvii THE COURT MAY CONSIDER ALL RELEVANT EVIDENCE, INCLUDING EVIDENCE OUTSIDE THE PLEADINGS WHEN RESOLVING A JURISDICTIONAL CHALLENGE**

Further, the Court may consider all relevant evidence, including evidence outside the pleadings when resolving a jurisdictional challenge." Wilson v. United States, 58 Fed. Cl. 760, 762 (2003) Plaintiff contends that by the expanded version of looking at relevant evidence combined with looking at the pleadings the jurisdictional challenge Defendant proffers is nothing more than a ruse to deny Plaintiff's Fifth Amendment claim, thereby granting him a jurisdictional ticket to this Court of Claims forum.

United Sales v. United States, 34 Fed. Cl. 88 provides for the expanded jurisdiction, in even non monetary disputes. " In 1988, however, the Tucker Act was amended, conferring limited declaratory judgment authority on this court over nonmonetary disputes." As such by the Congressional expansion of Tucker, as well as the case law in Sales, infra. this expansion is yet another reason to allow Plaintiff's case to progress.

**xviii MOTIONS TO DISMISS ARE DISFAVORED**

Motions to dismiss a complaint after the plaintiff's opening statement are disfavored and rarely granted. See Morfeld v. Kehm, 803 F.2d 1452, 1454 n.3 (8th Cir. 1986) (because opening is overview, it need not cover every element or critical fact). Accordingly, the prospect of dismissal on opening exists only when, from all available

indications, the case is doomed to defeat. Since this court has jurisdiction over Defendant because there is a money mandating provision, this case should continue forward.

**xix FAILURE TO SET FORTH EVERY ELEMENT OF A CLAIM IS NOT FATAL**

Case law does not require the opening to cover every element, Plaintiffs however has stated at least the minimum elements to show that a legitimate case does in fact exist. Plaintiff's case should continue to go forward, and Defendant's argument that Plaintiff has failed to set forth a claim should be seen to have no merit.

A complaint is only required to contain a short and plain statement, that statement must be "of [a] claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8((a)(2). Plaintiff's claim contains at least the plain statement that he is entitled to relief, and therefore he has satisfied Fed R. Civ. Proc 8 (a) (2)

**CONCLUSION**,

Plaintiffs request Defendants Motion to Dismiss be denied and that Plaintiff's Opposition to Defendants Motion to Dismiss be granted. Plaintiffs request that this Court issue an order returning the wrongfully levied social security payments taken by Defendant, shown on **Exhibit 5P**. Plaintiff's requests this Court to determine if Defendant can violate a discharge of Debt, via Bankruptcy in case 189-00215B-12K, which concluded on 3-29-1995 .**Exhibit 1P**. Plaintiff requests this Court to review the two denied Offer in Compromises submitted under the basis that Plaintiff's age and health, and lack of assets, under the abuse of process standards. Given a Bankruptcy

Discharge should convey that Plaintiffs has no possible way to fully pay their debt and a Federal Judge has already made the decision to Discharge Plaintiff's Debt despite a lack of full payment. This Federal Judge's decision should be Res Judicata on the lack of collectability against Plaintiff for the tax years and tax types in this claim by Defendant. This Court can order the repayment of levied amounts on what should be closed years, and apply that amount to open years.

Respectfully submitted,

04/12/07 s/Jeffrey D. Moffatt
Admitted U.S. Supreme Court and U.S. Court of Federal Claims
Attorney for Petitioner Peter J. and Jeanne Chernabaeff
(661) 945-6121 / Fax (661) 945-3019
43625 N Sierra Hwy, Suite A.
Lancaster, CA 93534
E-mail Address: jeffreymbajd@hotmail.com

CERTIFICATE OF FILING

I hereby certify that on April 12, 2007, a copy of the foregoing "PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE COMPLAINT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's System.