10

M. NELSON ENMARK (#032477)
Chapter 12 Trustee
3447 W. Shaw Ave.
Fresno, CA 93711
TELEPHONE: (209) 277-0298

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
* * * * * * * * *

| | |
|---|---|
| IN RE: <br> Alex & Ann Chernabaeff <br><br> Debtor | CASE NO: 189-00215B-12K <br> Chapter 12 proceeding <br><br> **TRUSTEE'S FINAL REPORT & ACCOUNT** |

This case was commenced on: JANUARY 18, 1989
The Plan was confirmed on: DECEMBER 13, 1989
This case was concluded on: MARCH 29, 1995

**NOTICE: THIS CASE IS DISCHARGED WITHOUT COMPLETION OF PAYMENTS.**
**THE COURT HAS GRANTED A DISCHARGE**

Your Trustee has maintained a detailed record of all receipts, including the source or other identification of each receipt and of all disbursements. Copies of these detailed records are on file in the office of the Trustee.

RECEIPTS: Amount paid to the Trustee by or for the Debtor for the benefit of creditors.

**$268,786.52**

**DISBURSEMENTS TO CREDITORS:**

| CREDITOR'S NAME | CLASSIFICATION | AMOUNT PAID |
|---|---|---|
| Farmers Home Administration | Secured | 124,059.20 |
| Kern Co Tax Collector | Secured | 15,051.00 |
| Internal Revenue Service | Priority | 87,096.98 |
| Franchise Tax Board | Priority | 23,958.23 |

**SUMMARY OF CLAIMS ALLOWED AND PAID:**

| SECURED | PRIORITY | GENERAL | LATE | ADMINISTRATIVE |
|---|---|---|---|---|
| 139,110.20 | 111,055.21 | 0.00 | 0.00 | 0.00 |

**OTHER DISBURSEMENTS UNDER ORDER OF COURT:**

Debtor's Atty: **Leonard Welsh** Fee Allowed: **$0.00** Fee Paid: **$0.00**

**COURT COSTS AND OTHER EXPENSES OF ADMINISTRATION:**

Additional Charges: Administrative Charges: **$0.00** Trustee Fees: **$18,621.11**

166

PLEASE NOTE: ANY PARTY HAVING ANY OBJECTION TO THE ABOVE FINAL REPORT AND ACCOUNTING SHOULD FILE A WRITTEN OBJECTION AND REQUEST FOR HEARING WITH THE BANKRUPTCY COURT AT 1130 "O" STREET, FRESNO, CA, 93721, WITHIN THIRTY DAYS OF THE DATE OF THIS REPORT, SERVING THE SAME UPON THE TRUSTEE.

I declare, under penalty of perjury, that the foregoing is true and correct. Pursuant to Federal Rule of Bankruptcy Procedure 5009, I hereby certify that the estate of the above named debtor has been fully administered and request that this case be closed if no objection is filed within 30 days by the United States Trustee or a party in interest within thirty days. If, within 30 days, an objection stating with particularity the grounds therefore is filed with the Clerk and served on the Trustee by the United States Trustee or a party in interest, the Chapter 12 Standing Trustee will set the matter for hearing by filing a notice with the Clerk and serving the notice on the objecting party at least ten days before the hearing date. If no objections have been filed and served within 30 days, the Court, without further notice, will enter a final decree closing the case discharging the Trustee, and exonerating the Trustee's bond.

DATED:

M. NELSON ENMARK
Chapter 12 Trustee

167

11

M. NELSON ENMARK (#032477)
Chapter 12 Trustee
3447 W. Shaw Ave.
Fresno CA 93711
TELEPHONE: (209) 277-0298

FILED
JUL 26 1995
Clerk, U.S. Bankruptcy Court
Eastern District of California

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
* * * * * * * * * *

| | | |
|---|---|---|
| In re: | ) | Chapter 12 |
| Alex & Ann Chernabaeff | ) | |
| | ) | Case No. 189-00215B-12K |
| Debtor | ) | |

## FINAL DECREE

Chapter 12 Standing Trustee, M. NELSON ENMARK, has filed a final report and final account with the Court and the United States Trustee, and has certified that the estate of the above-named debtor has been fully administered. No objections have been timely filed with the Clerk by the United States Trustee or a party in interest and no hearing concerning this matter has been set by the Chapter 12 Standing Trustee. Therefore, pursuant to Federal Rule of Bankruptcy Procedure 5009, there is a presumption that the above-named debtor's estate has been fully administered.

IT IS ORDERED that the case of the above-named debtor is hereby closed.

IT IS FURTHER ORDERED that M. NELSON ENMARK is hereby discharged and relieved of his trust, that his bond is hereby exonerated, and that the surety or sureties thereon are hereby released form further liability thereunder, except any liability which may have accrued during the time such bond was in effect.

DATED: JUL 26 1995

BRETT DORIAN
Judge

168