**Internal Revenue Service**
Appeals Field Operations-West
IRS - Fresno Appeals Office
5104 N. Blythe Ave., Suite 201
Fresno, CA 93722-6429

Friday

Date: NOV 17 2006

ALEX & ANN CHERNABAEFF
4412 MARELLA WAY
BAKERSFIELD CA 93309

**Department of the Treasury**

**Person to Contact:**
Karon Bingham
Employee ID Number: 78-00033
Tel: 559-452-3121
Fax: 559-452-3113
**Refer Reply to:**
AP:FW:FRE:KLB
**In Re:**
CDP Lien and Levy
**Social Security or Employer Identification Number:**
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
**Tax Period(s) Ended:**
12/1985 12/1986 12/1987 12/1988
12/1989 12/1991 12/1992 12/1993
12/1996 12/1997 12/1998

**DECISION LETTER**
**CONCERNING EQUIVALENT HEARING UNDER SECTION 6320 and/or 6330 of the Internal Revenue Code**

Alex & Ann Chernabaeff:

We have reviewed the proposed collection action for the period(s) shown above. This letter is our decision on your case. A summary of our decision is stated below and the enclosed statement shows, in detail, the matters we considered at your Appeals hearing and our conclusions.

Your due process hearing request was not filed within the time prescribed under Section 6320 and/or 6330. However, you received a hearing equivalent to a due process hearing except that there is no right to dispute a decision by the Appeals Office in court under IRC Sections 6320 and/or 6330.

Your case will be returned to the originating IRS office for action consistent with the decision summarized below and described on the attached page(s).

If you have any questions, please contact Karon Bingham at the telephone number shown above.

**Summary of Decision**

Appeals has determined that the both the Filed Notice of Federal Tax Lien and Notice of Levy/Seizure actions were appropriate under the circumstances. The case will be returned to the Compliance revenue officer for the appropriate actions.

Sincerely,

Kathleen A. Arras
Appeals Team Manager

RECEIVED 11/22/2006

cc: Jeffrey D Moffatt, Attorney

EXHIBIT 4P 1 OF 9

*Attachment:* *Decision Letter*

**Taxpayer:** Chernabaeff, Alex & Ann **SSN:** 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
**Address:** 4412 Marella Way
Bakersfield, CA 93309

Chernabaeff, Alex **EIN:** 95-2361492

# APPEALS CASE MEMORANDUM

## COLLECTION DUE PROCESS HEARING

### IRC § 6320

**THE DATE OF THE NOTICE OF THE FILING OF THE LETTER 3172 NOTICE OF FEDERAL TAX LIEN FILING AND YOUR RIGHT TO A HEARING**

| TYPE OF TAX(ES) | TAX PERIOD(S) | DATE OF CDP NOTICE | DATE CDP REQUEST REC'D OR MAILED IF REC'D DATE IS AFTER THE 30-DAY PERIOD |
|---|---|---|---|
| Income/Form 1040 | 12/1985 | 09/01/1999 | 03/07/2006 |
| Income/Form 1040 | 12/1986 | 09/01/1999 | 03/07/2006 |
| Income/Form 1040 | 12/1987 | 09/01/1999 | 03/07/2006 |
| Income/Form 1040 | 12/1988 | 09/01/1999 | 03/07/2006 |
| Income/Form 1040 | 12/1989 | 09/01/1999 | 03/07/2006 |
| Income/Form 1040 | 12/1991 | 09/01/1999 | 03/07/2006 |
| Income/Form 1040 | 12/1992 | 09/01/1999 | 03/07/2006 |
| Income/Form 1040 | 12/1993 | 09/01/1999 | 03/07/2006 |
| Income/Form 1040 | 12/1994 | 09/01/1999 | 03/07/2006 |
| Income/Form 1040 | 12/1997 | 09/01/1999 | 03/07/2006 |
| Income/Form 1040 | 12/1998 | 05/27/2004 | 03/07/2006 |
| FUTA/Form 940 | 12/1988 | 09/22/2004 | 03/07/2006 |
| Payroll/Form 943 | 12/1986 | 09/22/2004 | 03/07/2006 |
| Payroll/Form 943 | 12/1987 | 09/22/2004 | 03/07/2006 |

## IRC § 6330

THE DATE OF THE ISSUANCE OF THE LETTER 1058 – FINAL NOTICE
NOTICE OF INTENT TO LEVY AND NOTICE OF YOUR RIGHT TO A HEARING

| TYPE OF TAX(ES) | TAX PERIOD(S) | DATE OF CDP NOTICE | DATE CDP REQUEST REC'D OR MAILED IF REC'D DATE IS AFTER THE 30-DAY PERIOD |
|---|---|---|---|
| Income/Form 1040 | 12/1985 | 05/19/2004 | 03/07/2006 |
| Income/Form 1040 | 12/1986 | 05/19/2004 | 03/07/2006 |
| Income/Form 1040 | 12/1987 | 05/19/2004 | 03/07/2006 |
| Income/Form 1040 | 12/1988 | 05/19/2004 | 03/07/2006 |
| Income/Form 1040 | 12/1989 | 05/19/2004 | 03/07/2006 |
| Income/Form 1040 | 12/1991 | 05/19/2004 | 03/07/2006 |
| Income/Form 1040 | 12/1992 | 05/19/2004 | 03/07/2006 |
| Income/Form 1040 | 12/1993 | 05/19/2004 | 03/07/2006 |
| Income/Form 1040 | 12/1994 | 05/19/2004 | 03/07/2006 |
| Income/Form 1040 | 12/1997 | 05/19/2004 | 03/07/2006 |
| Income/Form 1040 | 12/1998 | 05/19/2004 | 03/07/2006 |
| FUTA/Form 940 | 12/1988 | 11/10/2005 | 03/07/2006 |
| Payroll/Form 943 | 12/1986 | 11/10/2005 | 03/07/2006 |
| Payroll/Form 943 | 12/1987 | 11/10/2005 | 03/07/2006 |

### Summary and Recommendation

The taxpayers' representative filed a request for a hearing on Form 12153, Request for a Collection Due Process Hearing, with Appeals under the provisions of IRC § 6320 concerning the appropriateness of the filing of the Notice of Federal Tax Lien action to secure payment of the income tax liability and payroll tax liability for the above periods that was not timely. The Form 12153 also included a request for a hearing with Appeals that was not timely under the provisions of IRC § 6330 concerning the appropriateness of the Notice of Intent to Levy action to secure payment for the same liabilities and periods. The taxpayers were provided with an Equivalent Hearing without the right of a judicial review. Alex Chernabaeff was issued a Decision Letter for the payroll tax liability; Alex and Ann Chernabaeff were issued a joint Decision Letter for the income tax liability, for both the levy and lien issues.

The taxpayers have not cooperated in Appeals. No viable collection alternatives have been presented in this case as a more efficient manner of collecting the amount of tax due.

Appeals has determined that the both the Filed Notice of Federal Tax Lien and Notice of Levy/Seizure actions were appropriate under the circumstances. The case will be returned to the Compliance revenue officer for the appropriate actions.

## Brief Background

To file a timely appeal the taxpayer must mail the Form 12153, Request for a Collection Due Process Hearing, within 5 working days plus 30 additional calendar days from the date of the filing of the Notice of Federal Tax Lien (lien) to the office that issued the notice. The last date for filing of an appeal included in the Letter 3172 dated 09/01/1999 was 10/04/1999. The last date for filing of an appeal included in the Letter 3172 dated 05/27/2004 was 07/01/2004. The last date for filing of an appeal included in the Letter 3172 dated 09/22/2004 was 10/28/2004.

The Collection revenue officer in Bakersfield, CA, issued the Letter 1058, Final Notice - Notice of Intent to Levy and Notice of Your Right to a Hearing, under IRC § 6330 on 05/19/2004 for the income tax liability, and on 11/10/2005 for the payroll tax liability. The taxpayer may file a timely appeal within 30 days after the date of the original Notice of Intent to Levy (levy) for each tax period.

The date of the filing of the request for Collection Due Process is the date that it was mailed and subsequently received in the appropriate Compliance office. The taxpayers' Form 12153 was originally mailed to Internal Revenue Service, Kansas City Service Center, on 03/07/2006. The request was not a timely appeal for either the lien or levy action. Since the appeal was not timely the taxpayers were provided with an Equivalent Hearing without the right of a judicial review and were issued the appropriate Decision Letter.

On the Form 12153, Request for a Collection Due Process Hearing, the taxpayers' representative checked Notice of Federal Tax Lien and Notice of Levy/Seizure as the actions he did not agreed with.

During the appeal process the taxpayers' representative's only issue was that he believed the taxpayers' tax liability was previously discharged in their bankruptcy. A Collection Due Process Hearing was not scheduled; viable collection options as an alternative to enforced collections were not proposed therefore could not be considered. Appeals' determination is based on a review of the available information contained in the administrative file and the limited information provided in the request for a hearing.

Appeals has determined that the Notice of Federal Tax Lien and the proposed Notice of Levy/Seizure actions, to secure payment of the income tax and payroll tax liability, were appropriate. The case will be returned to the Compliance revenue officer for the appropriate actions.

## Discussion and Analysis

**Verification of legal and procedural requirements: The applicable law and administrative procedures have been reviewed. The necessary requirements were met regarding the proposed levy action and the filed Notice of Federal Tax Lien.**

IRC § 6331(a) provides that if any person liable to pay any tax neglects or refuses to pay the tax within 10 days after notice of demand, the tax may be collected by levy upon any property or rights to property belonging to the taxpayer or on which there is a lien provided by IRC §§ 6321 or 6324.

IRC § 6321 provides for a statutory lien when a taxpayer neglects or refuses to pay a tax liability after notice and demand. To be valid against third parties, except for other government entities, a notice of the lien must be filed in the proper place for filing per IRC §§ 6323(a) and (f).

IRC § 6320 provides that the IRS is required to give notice to a taxpayer in writing within five days after the filing of a notice of lien of the taxpayer's right to request a hearing before an Appeals Officer (Settlement Officer) if the request is made during the thirty days following the end of the five day notification period.

IRC § 6331(d) provides that at least 30 days before enforcing collection by levy on the person's property, the Secretary is obliged to provide the person with a final notice of intent to levy, including notice of the administrative appeals available to the person and IRC § 6330 provides an opportunity for a hearing prior to the service of a levy.

- Assessment was made on the applicable CDP notice periods per IRC § 6201.
- The notice and demand for payment letter was mailed to the taxpayer's last known address, within 60 days of the assessment, as required by IRC § 6303.
- There was a balance due when the CDP notice was issued per IRC §§ 6322 and 6331(a).
- The taxpayer currently does not have, and did not have at the time the CDP notice was sent, a pending bankruptcy case. (11 U.S.C. § 362(a)(6)).
- The collection period allowed by statute to collect these taxes has been suspended by the appropriate computer codes for the tax periods at issue. *Note: An Equivalent Hearing does not necessarily suspend collection action and the collection period allowed by statute continues to run.*
- This Appeals employee has had no prior involvement with the taxpayer concerning the applicable tax period(s) before this Collection Due Process Hearing case in either Compliance or Appeals.

**Lien**

- Since the case was referred to Appeals by a Compliance revenue officer there is a requirement for at least one attempt to contact the taxpayer before the filing of the Notice of Federal Tax Lien (lien) to advise the taxpayer that the lien notice may be filed if payment was not made. This contact can be made by telephone, delivered in person, or by sending a letter to the taxpayer's last known address (IRM 5.12.2.3).
- The revenue officer who authorized the filing of the Notice of Federal Tax Lien was the GS-9 minimum grade or higher (IRM 1.2.2.108 (Del. Order 196) and 5.12.2.5.
- The Letters 3172, for the liens filed with Kern County, CA, were sent by certified mail to the taxpayer's last known address no later than 5 business days after the notice of federal tax lien was mailed for recordation (IRC § 6320(a)).

**Levy**

- A levy source was identified.
- There was at least one attempt to contact the taxpayer before issuing Letter 1058.
- The CDP notice (Letter 1058) was sent by certified mail return receipt requested to the taxpayer's last known address (IRC §§ 6330(a) and 6331(d)).

**These items were verified through a review of computer transcripts and the documentation contained in the administrative file. I have found that all requirements of any applicable law or administrative procedure were met and the actions taken or proposed were appropriate under the circumstances.**

**Issues Raised by the Taxpayers:**

**Issue #1: The taxpayers' representative did not agree with the filing of the Notice of Federal Tax Lien.**

THE POSITION OF THE TAXPAYER

The taxpayer's representative stated: "Seek collection alternatives that do not involve severe hardship."

THE POSITION OF COMPLIANCE

The taxpayers' representative did not cooperate in Compliance and failed to present an acceptable collection alternative. The Request for a Collection Due Process Hearing was submitted by the taxpayers' representative and the case was forwarded to Appeals for consideration.

APPEALS ANALYSIS OF THE ISSUE

Upon receipt of the case in Appeals the taxpayers were issued an introduction letter dated 08/02/2006 offering a face-to-face conference. That letter included the Publication 4165, An Introduction to CDP Hearings, which contained a detailed explanation of the process, provided samples of some of the issues which may be presented in the hearing, and detailed the possible alternatives to enforced collections. The letter also asked the taxpayers to call to schedule a hearing and complete and sign an enclosed Form 433-A, Collection Information for Individuals, within 14-days. On 08/08/2006 a response was received from Dana Ronald, the taxpayers' representative at that time, that included a completed (not signed) Form 433-A. The letter stated in part: "On March 29, 1995, the taxes, penalties, and interest were discharged per court order for the years 1985, 1986, 1987, 1988 for the 1040 and 940 taxes." ... "The enclosed spreadsheet recalculates a balance due of $182,588.97 as o f June 20, 2006. We believe it is possible to full pay this revised balance of $182,588.97 plus accrued interest to a payoff date within 120 days. Review of the enclosed 433-A shows that the taxpayer's (sic) own a mountain cabin free and clear. This is presently listed on the market for sale at a price of $149,000.00."

On 10/17/2006 the taxpayers' representative confirmed that he had revoked his power of attorney. Therefore, on that date a final letter was mailed to the taxpayers asking that they call within 10-days to schedule a hearing, and to advise if they had a new representative. The taxpayers were further advised that if the hearing was not scheduled, their case would be closed based on the information contained in the administrative file. In that letter dated 10/17/2006 the taxpayers were provided with a response from Appeals that included: "Per an opinion received from Matthew A. Mendizabal, Attorney, IRS Area Counsel, your tax liabilities, including interest and penalties were not discharged in your Chapter 12 bankruptcy. You were granted a hardship discharge on July 26, 1995, under 11 USC 1228(b). Hardship discharges are granted in cases where a hardship prevents the debtor from completing the plan and it provides the debtor with the same type of discharge they would have received if they had filed a Chapter 7 bankruptcy. Under a Chapter 7 discharge, priority claims such as Trust Fund Recovery Penalties, tax returns filed within three years of filing the bankruptcy petition, delinquent returns filed within two years of the petition and taxes assessed within 240 days of the petition are not dischargeable. Additionally, during the bankruptcy the Service is prevented from assessing additional interest and penalties on the taxes in bankruptcy proceedings. A discharge in the bankruptcy does not discharge interest and penalties which have accrued on

non-dischargeable taxes from the petition date until the stay is lifted. Finally, any interest and penalties on post petition taxes are not covered under the bankruptcy filing. Therefore, it is our position that the collection of taxes, interest and penalties not discharged under the Bankruptcy is appropriate. Also, the assessment of post petition penalties and interest on the non-dischargeable taxes is appropriate."

"According to our records the balance due on your account through 10/16/2006 for the Form 1040 tax periods 1985, 1986, 1987, 1988, 1989, 1991, 1992, 1993, 1996, 1997, 1998; Form 940 tax period 1988; Form 943 tax periods 1986 and 1987 is $452,364.07. A review of your Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, indicates that you have the equity in real estate sufficient to pay your tax liability in full."

On 10/19/2006 a response was received via fax from Jeffrey D. Moffatt, the taxpayers' newly appointed attorney. The main point of his letter was to respond to Appeals' letter dated 10/17/2006 to the taxpayers. He stated: "This letter is to acknowledge in receipt of your letter dated October 17, 2006, to my clients listed above. Please direct all future communication to my office, as your system should indicate that I am attorney of record as of September 7, 2006, via through (sic) 2848. ... despite your contention that you can pursue my clients for any deficiency balance covered in their discharged bankruptcy, I believe this is a direct violation of bankruptcy laws subjecting you and IRS to abuse of bankruptcy procedures under IRC 7533(b). Please recall a penalty of up to 1million (sic) for civil damages for certain unauthorized collection actions exists under IRC 7433(b)."

Internal Revenue Code section 6323(j), which was added to the Internal Revenue Code by Taxpayer Bill of Rights 2, authorizes discretionary withdrawal of a notice of lien in four situations:

1. If the filing of such notice was premature or otherwise not in accordance with administrative procedures of the Secretary;
2. If the taxpayer has entered into an agreement under section 6159 to satisfy the tax liability for which the lien was imposed by means of installment payments, unless such agreement otherwise provides;
3. If the withdrawal of such notice will facilitate the collection of the tax liability, or
4. With the consent of the taxpayer or the National Taxpayer Advocate, if the withdrawal of such notice would be in the best interests of the taxpayer (as determined by the National Taxpayer Advocate) and the United States.

Viable collection options as an alternative to enforced collections were not proposed therefore could not be considered. Appeals has determined that the Notice of Federal Tax Lien action was appropriate under the circumstances. The taxpayers did not present any information that warrants release or withdrawal of the filed Notice of Federal Tax Lien.

**Issue #2: The taxpayers' representative did not agree with the Notice of Levy/Seizure.**

APPEALS ANALYSIS OF THE ISSUE

The determination of Appeals is based on a review of the available information contained in the administrative file and the request for a hearing, along with the documentation provided during the appeal process.

No viable collection alternatives have been presented in this case as a more efficient manner of collecting the amount of tax due. The tax liability was not discharged in the taxpayers' bankruptcy. The taxpayers have the ability to pay the tax liability in full.

The case will be returned to Compliance for the appropriate actions.

**There were no other issues raised by the taxpayers. There were no spousal defenses raised as an issue in this case. The timeliness of the Collection Due Process Hearing Request is not in question in this case.**

**Consideration of whether the proposed collection action balances the need for the efficient collection of the taxes with the legitimate concern of the taxpayer that any collection action be no more intrusive than necessary.**

Appeals has found that all legal and administrative requirements for the action taken and proposed have been met. We have also considered whether the collection action taken and proposed balances the need for the efficient collection of the taxes with the legitimate concern of the taxpayers that any collection action be no more intrusive than necessary.

The taxpayers may feel that the filing of the Notice of Federal Tax Lien action was a more intrusive action than necessary but Compliance attempted to work with the taxpayers; however, they failed to cooperate and did not propose any viable collection alternatives. The Filed Notice of Federal Tax Lien action was appropriate and balanced the need for the efficient collection of the taxes with the legitimate concern of the taxpayers that any collection action be no more intrusive than necessary because the taxpayers did not pay the tax when the notice and demand for payment was issued. The Government's interest in the future collection of the tax was protected by the lien filing.

The Notice of Intent to Levy was appropriate and balanced the need for the efficient collection of the taxes with the legitimate concern of the taxpayers that any collection action be no more intrusive than necessary because the taxpayers have not proposed or cooperated in the determination of an alternative to enforced collections that the Appeals Office could consider and accept.

**Conclusion:**

In Appeals the taxpayers were given sufficient opportunity to cooperate. Based upon the above discussion, the taxpayers, through their representative, have declined to propose viable collection alternatives. Appeals has determined that the Notice of Federal Tax Lien will not be released or withdrawn; the Notice of Levy/Seizure action was appropriate under the circumstances. The case will be returned to Compliance for the appropriate actions.

**Internal Revenue Service**
Appeals Field Operations-West
IRS - Fresno Appeals Office
5104 N. Blythe Ave., Suite 201
Fresno, CA 93722-6429

**Department of the Treasury**

**Person to Contact:**
Karon Bingham
Employee ID Number: 78-00033
Tel: 559-452-3121
Fax: 559-452-3113
**Refer Reply to:**
AP:FW:FRE:KLB
**In Re:**
Alex & Ann Chernabaeff
**SSN/EIN Number:**
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
**Tax Period(s) Ended:**
12/1985 12/1986 12/1987 12/1988
12/1989 12/1991 12/1992 12/1993
12/1996 12/1997 12/1998

Date: NOV 17 2006

JEFFREY D MOFFATT, TAX ATTORNEY
43625 N SIERRA HWY, STE. A
LANCASTER CA 93534

Jeffrey D Moffatt:

We are sending you the enclosed material under the provisions of your power of attorney or other authorization on file with us.

If you have any questions, please contact the person whose name and telephone number are shown above.

Sincerely,

Kathleen A. Arras
Appeals Team Manager

EXHIBIT 4P