IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-640 T
(Judge Firestone)

ALEX W. AND ANN CHERBANEFF,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

**REPLY TO PLAINTIFFS' RESPONSE TO THE MOTION OF THE UNITED STATES TO DISMISS THE COMPLAINT**

In their response to the United States' motion to dismiss the complaint, plaintiffs failed to address our points directly, instead making new allegations or contentions that are simply untenable. We address them briefly here. In this reply, the United States relies on the exhibits attached to the Supplemental Declaration of Joseph B. Syverson, filed simultaneously herewith, in addition to the exhibits attached to the previous filings in this case.[1]

**A. This Court lacks subject-matter jurisdiction over actions under Section 7433 of the Internal Revenue Code**

Plaintiffs continue to maintain that this Court has jurisdiction over plaintiffs' claims under § 7433 because of alleged violations of the Bankruptcy Code, the statute of limitations for

[1]Hereinafter, exhibits attached to the Syverson Declaration, filed with the United States's opening brief, and to the Supplemental Syverson Declaration, will be cited as "Ex. __."

collection actions, and the prohibition on collection while a collection due process hearing is pending. *See* Pl. Resp. at 6, 8-11, 13.[2] The cases cited by plaintiffs, however, offer no support for plaintiffs' contentions, as they did not involve exercise of jurisdiction under § 7433. *See In re Cousins*, 238 B.R. 503 (D.N.H. 1999) (district court exercising appellate jurisdiction over proceedings initiated in bankruptcy court), *rev'd*, 209 F.3d 38 (1st Cir. 2000); *In re Mitchell*, 210 B.R. 978, 979 n.2 (Bankr. N.D. Tex. 1997) (bankruptcy court exercising original jurisdiction pursuant to 28 U.S.C. §§ 157(a) and 1334(a)).[3]

Plaintiffs also contend that this Court has jurisdiction over § 7433 claims because § 7433 constitutes a "money-mandating" statute under Supreme Court precedent interpreting the Tucker Act. *See* Pl. Resp. at 17-19 (quoting *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472-73 (2003)). In *White Mountain*, the Supreme Court observed that the Tucker Act (more specifically in that case, the Indian Tucker Act) provides an explicit waiver of sovereign immunity "giving the Court of Federal Claims jurisdiction to award damages upon proof of 'any claim against the United States founded either upon the Constitution, or any Act of Congress,'" but does not create "a substantive right enforceable against the Government by a claim for money damages." *White Mountain*, 537 U.S. at 472 (quoting 28 U.S.C. § 1491(a)(1)). The issue before

---

[2]Plaintiffs' Response also alleges that the Internal Revenue Service has violated "IRC 7533(b)" by allegedly engaging in collection action in violation of a bankruptcy stay. *See* Pl. Resp. at 10. The Internal Revenue Code, however, does not contain a Section 7533, so we presume that plaintiffs intended to refer to § 7433(b).

[3]Plaintiffs contend that this Court can exercise jurisdiction for the same reasons the district court in *In re Cousins* had jurisdiction. *See* Pl. Resp. at 11 ("This error can be corrected by this court, such [sic] as the District Court did in *Cousins* . . . ."). This contention is entirely without support. This Court does not have jurisdiction over appeals from bankruptcy court, and, in any event, plaintiffs complaint is styled as an original complaint, not as an appeal of an order of a bankruptcy court.

the Supreme Court was whether a 1960 statute providing for the United States to hold certain real property in trust for the White Mountain Apache tribe, subject to its use by the Secretary of the Interior, could reasonably be read as mandating recovery of money damages as compensation for necessary repairs and upkeep of the property. *See id.* at 468-71.

The issue in this case is not whether § 7433 is a money-mandating statute; it does provide for civil damages under certain circumstances. *See* § 7433(b). Rather, the issue is the limits of the United States' consent to be sued for such damages. As discussed in our opening brief (at 10-11), § 7433(a) provides (with one exception not relevant here) that suits under that provision may be brought only in a federal district court, and that such a proceeding is the "exclusive remedy for recovering damages resulting from such actions."[4] Consequently, § 7433 does not create a substantive right of recovery that can be pursued by an action in this Court under the Tucker Act.[5]

**B. The Administrative Procedure Act (APA) does not invest this Court with subject-matter jurisdiction over the plaintiffs' complaint**

Plaintiffs seem to argue that they are entitled to review of the alleged denial of their offers in compromise under the Administrative Procedure Act, 5 U.S.C. § 551 *et seq.* ("APA"). *See* Pl. Resp. at 14-15; *see also* Compl. ¶ 8. This argument fails for multiple reasons. First, this Court

---

[4]The one exception to an action for damages for unauthorized collection actions under § 7433 is a suit for civil damages for the IRS's failure to release a lien, brought under § 7432. Like § 7433(a), however, § 7432(a) provides that such a suit may be brought only in a federal district court.

[5]Plaintiffs also argue that § 7426(h), like § 7433(b), is "money-mandating" for purposes of Tucker Act jurisdiction. *See* Pl. Resp. at 19. Section 7426(h) expressly provides for an award of damages only in an action under § 7426(a). As explained in our opening brief, this Court does not have jurisdiction under § 7426(a), since that provision explicitly authorizes such suits only in a federal district court. *See* Def. Mot. to Dismiss at 8.

lacks jurisdiction to review agency action under the APA. *Martinez v. United States*, 333 F.3d 1295, 1313 (Fed. Cir. 2003) (en banc) ("the Court of Federal Claims lacks APA jurisdiction"); *Murphy v. United States*, 993 F.2d 871, 874 (Fed. Cir. 1993) ("the Claims Court has no authority to invoke the APA"). This is so because "the APA itself addresses 'relief other than money damages.'" *McNabb v. United States*, 54 Fed. Cl. 759, 767 (2003) (quoting 5 U.S.C. § 702).

Second, the relief plaintiffs seek is, in any event, not available under the APA. Plaintiffs' complaint seeks money damages. *See* Compl. ¶ 26 ("Petitoner's [sic] request the return of the wrongful levy, as well as legal fees."). The APA, however, does not provide jurisdiction over claims for money damages. *See* 5 U.S.C. § 702 ("An action in a court of the United States *seeking relief other than money damages* and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party" (emphasis added)); *Castella v. Army & Air Force Exch. Serv.*, 657 F. Supp. 25, 27 (N.D. Tex. 1986) (citing 5 U.S.C. § 702) (the "APA confers jurisdiction on a District Court only with respect to non-monetary claims").

Finally, even if this Court did, as a general matter, have jurisdiction under the APA, and plaintiffs' complaint had sought non-monetary relief, this Court would still lack jurisdiction to review the denial of plaintiffs' offer in compromise because the denial of an offer in compromise is not reviewable under the APA.[6] The authority for the Secretary of the Treasury to enter into an offer in compromise is provided by 26 U.S.C. § 7122(a), which provides that "the Secretary *may*

[6]Plaintiffs' Response, for the first time, seems to request that this Court undertake such a review. *See* Pl. Resp. at 25.

compromise any civil or criminal case arising under the internal revenue laws prior to reference to the Department of Justice for prosecution or defense . . . ." (Emphasis added.) The APA, however, does not permit review of agency actions when "agency action is committed to agency discretion by law." 5 U.S.C. § 701(a)(2). Since the Secretary's authority to compromise tax liabilities is discretionary, a denial of an offer in compromise is not reviewable under the APA. *See Asemani v. United States*, 2004 WL 2649718, at *3 (M.D. Pa. Oct. 19, 2004) (citing 5 U.S.C. § 701(a), and holding that "[t]he discretionary denial of the Plaintiff's Offer in Compromise by the IRS is not reviewable under the APA").

**C. This Court's limited jurisdiction under the Tucker Act over claims for injunctive and declaratory relief in government contracts actions does not give this Court subject-matter jurisdiction over plaintiffs' complaint**

Plaintiffs also maintain that this Court has subject-matter jurisdiction over their complaint under a 1988 amendment to the Tucker Act that gave this Court jurisdiction over certain claims for injunctive and declaratory relief in government contract actions. *See* Pl. Resp. at 20 (quoting *United Sales, Inc. v. United States*, 34 Fed. Cl. 88, 94 (1995) (quoting 28 U.S.C. § 1491(a)(3) (1995)). This contention is mistaken. As a threshold matter, the particular statutory provision that plaintiffs rely upon was repealed in 1996. *See* Administrative Dispute Resolution Act of 1996, Pub. L. No. 104-320, § 12, 110 Stat. 3870 (1996) (repealing 28 U.S.C. § 1491(a)(3)).

Furthermore, the statutory language added to § 1491 by the Administrative Dispute Resolution Act of 1996 in place of former § 1491(a)(3) does not give this Court jurisdiction over claims for declaratory or injunctive relief in tax cases; rather, it does so only in certain types of government contracts cases. *See* 28 U.S.C. § 1491(b)(1), (b)(2) (granting this Court "jurisdiction to render judgment on an action by an interested party objecting to a solicitation by a Federal

agency for bids or proposals for a proposed contract or to a proposed award or the award of a contract or any alleged violation of statute or regulation in connection with a procurement or a proposed procurement," and providing that, "[t]o afford relief *in such an action*, the courts may award any relief that the court considers proper, including declaratory and injunctive relief" (emphasis added)).[7]

**D. Plaintiffs are not third-party nontaxpayers**

Plaintiffs apparently now contend that if their alleged offers in compromise had been considered by the IRS, then they would have been accepted, and, as a result, plaintiffs' tax liability would have been compromised. *See* Pl. Resp. at 13-14. According to plaintiffs, it somehow follows from this contention that plaintiffs should be treated as third-party nontaxpayers for purposes of establishing wrongful levy jurisdiction under *Gordon v. United States*, 649 F.2d 837 (Ct. Cl. 1981). *See* Pl. Resp. at 11; Def.'s Mot. to Dismiss at 5-7. Relatedly, plaintiffs claim that if the alleged discharge of their liabilities in their bankruptcies had been "respected" by the Service, they would be third-party nontaxpayers. *See* Pl. Resp. at 14.[8]

---

[7]We note that this Court's declaratory judgment jurisdiction in federal tax cases is limited to judgments relating to the status and classification of certain specified organizations. *See* 26 U.S.C. § 7428.

[8]Although the issue is not properly before the Court, we note that there does not appear to be merit to plaintiffs' contention that their pre-petition tax liabilities were discharged in bankruptcy. The bankruptcy proceeding that plaintiffs contend resulted in a discharge of their pre-petition liabilities commenced on January 18, 1989. *See* Pl. Ex. 1P. Section 523(a)(1) of the Bankruptcy Code contains a discharge exception for taxes "of the kind and for the periods described in section . . . 507(a)(8)" of the Bankruptcy Code. As a result, income tax liabilities "for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition," 11 U.S.C. § 507(a)(8)(A)(i), cannot be discharged. *See United States v. Frontone*, 383 F.3d 656, 658 (7th Cir. 2004). The earliest income tax liability that plaintiffs contend is in suit is 1985, the return for which would be due no earlier than April 15,

(continued...)

Plaintiffs' argument on this score is a resounding *non sequitur*. Even assuming, *arguendo*, that the offer in compromise would not have been rejected by the IRS, or that plaintiffs' contentions regarding the effects of their bankruptcy are correct, it does not follow from this that either plaintiff is a third-party nontaxpayer with respect to the levied funds they seek to recover in this case. The funds at issue were levied to satisfy tax liabilities with respect to plaintiffs' joint federal income tax returns–liabilities as to which they each have joint and several liability. *See* 26 U.S.C. § 6013(d)(3).

**E. Plaintiffs have not properly invoked this Court's refund jurisdiction**

Plaintiffs claim that this Court has refund jurisdiction for multiple reasons, none of which withstand scrutiny.

**1. This Court does not have jurisdiction over plaintiffs' claims for refund of employment taxes**

Plaintiffs contend, for the very first time in their response to the United States's motion to dismiss, that this Court has subject-matter jurisdiction over their complaint because they have filed claims for refund with respect to alleged employment tax liabilities from 1986 and 1988. *See* Pl. Resp. at 7, 9.[9] This contention is misguided. First and foremost, plaintiff's complaint is entirely devoid of any allegations relating to these alleged liabilities. Plaintiffs do not even allege the existence of these liabilities in their complaint, let alone any payments made by them on these

---

[8](...continued)
1986, within the three year look-back period before plaintiffs filed their petition with the bankruptcy court.

[9]Plaintiffs' Response refers to "Payroll 943" and "FUTA/940" liabilities. *See* Pl. Resp. at 9. Presumably, plaintiffs are referring to tax liabilities reported on Form 943, Employer's Annual Federal Tax Return for Agricultural Employees, and those reported on Form 940, Employer's Annual Federal Unemployment Tax Return.

liabilities that they seek to have refunded. If plaintiffs' wish to bring a suit for refund of payments they may have made of their employment tax liabilities for these years, they must file a new complaint that seeks refund of these payments, and otherwise comports with the requirements of RCFC 9(h), after the expiration of the period specified in § 6532(a)(1).

Second, even if plaintiffs' complaint had sought refund of payments made towards their employment liabilities, this Court would still lack jurisdiction over plaintiffs' complaint because plaintiffs' administrative complaints for refund were only filed *after* plaintiff filed the instant suit. Plaintiffs' complaint was filed with this Court on September 11, 2006. Plaintiffs' claims for refund, however, were dated December 1, 2006, and received by the Service on December 5, 2006. *See* Ex. 12 at 1; Ex. 13 at 1. Section 7422(a) of the Internal Revenue Code plainly requires that an administrative claim for refund must be filed *before* a plaintiff brings suit:

> *No suit prior to filing claim for refund.* — No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

Plaintiffs' complaint, having been filed before their administrative claims for refund, fails to meet this basic statutory requirement.

Finally, even if these administrative claims were timely and otherwise proper, they cannot cure the jurisdictional defects in the complaint for wrongful levy, since they bear no relationship to the income taxes plaintiffs seek to recover.

**2. Plaintiffs have not met the jurisdictional prerequisites for bring a suit for refund for the 1991 tax year**

In addition to plaintiffs' contentions with respect to their employment tax liabilities, plaintiffs maintain, for the first time in their response, that this Court has jurisdiction over the complaint as a suit for refund for of income taxes for the 1991 tax year. *See* Pl. Resp. at 11. According to plaintiffs, this is so because the Service applied an overpayment of $15,474.76 with respect to plaintiffs' individual income taxes for the 1988 tax year to plaintiffs' liability for the 1991 tax year after this suit was filed. *See ibid*; *see also* Pl. Ex. 2P.[10]

This transferred overpayment does not give the Court refund jurisdiction for the 1991 tax year. As explained in our opening brief, to properly invoke this Court's refund jurisdiction, plaintiffs must file a timely claim for administrative refund and fully pay their outstanding liability for a given tax year *before* filing suit in this Court. *See* Def. Mot. to Dismiss at 9-10. Plaintiffs failed to satisfy this requirement for the 1991 tax year before bringing this suit. *See* Ex. 6. Consequently, this Court does not have subject-matter jurisdiction over plaintiffs' complaint as a suit for refund for the 1991 tax year.

### 3. Plaintiffs' reliance on *WWSM Investors v. United States* is misplaced

In addition to these arguments, plaintiffs' rely on *WWSM Investors v. United States*, 64 F.3d 456 (9th Cir. 1995), as a basis for refund jurisdiction in this case. *See* Pl. Resp. at 20-21. This reliance is misplaced. *WWSM Investors* held that a third party whose property has been levied to satisfy the tax liabilities of another can file a suit for refund for such property even if the statute of limitations to bring a wrongful levy action has run. *WWSM Investors*, 64 F.3d at 458-59. It did not in any way, however, attempt to obviate the well-established jurisdictional

[10]Plaintiffs' individual income tax liability for the 1988 tax year was abated subsequent to the filing of this suit, giving rise to the overpayment that was transferred to plaintiffs' 1991 tax year. *See* Pl. Ex. 2P.

prerequisites to bringing a refund suit, which plaintiffs have failed to satisfy in this case because they have not filed an administrative claim for refund nor have they fully paid their outstanding tax liabilities for the years in suit. *See* Def.'s Mot. to Dismiss at 9-10.[11]

**F. Plaintiffs do not have a colorable Fifth Amendment takings claim**

It is beyond cavil that, as discussed in our opening brief at 12, collection of a tax by means of a levy is not a Fifth Amendment taking. Consequently, this Court lacks jurisdiction over Fifth Amendment takings claims for tax levies. *See Castillo Morales v. United States*, 19 Cl. Ct. 342, 345 (1990) (holding that court lacked subject matter jurisdiction over claims that levies constituted Fifth Amendment takings).

**CONCLUSION**

For the reasons stated herein and those stated in the motion to dismiss the complaint, the complaint should be dismissed for lack of subject-matter jurisdiction.

---

[11]The United States further notes that the issue addressed by the Ninth Circuit in *WWSM Investors*, whether a third-party nontaxpayer who claims a wrongful levy can also file a suit for refund of the levied property, is presently pending before the United States Supreme Court in *EC Term of Years Trust v. United States*, No. 05-1541 (U.S.), which was argued on February 26, 2007. In *EC Term of Years Trust*, the Fifth Circuit reaffirmed its previous holdings that § 7426(a)(1) provides the exclusive remedy for a wrongful levy, and consequently held, *contra WWSM Investors*, that a third party claiming wrongful levy could not bring a suit for refund of the levied property. *EC Term of Years Trust v. United States*, 434 F.3d 807, 809 (5th Cir. 2006).

If the Supreme Court affirms the Fifth Circuit in *EC Term of Years Trust*, and adopts the Fifth Circuit's reasoning (and the position of the United States) that § 7426(a)(1) provides the exclusive remedy for a wrongful levy, this Court would be free to reconsider the holding in *Gordon v. United States*, 649 F.2d 837, 839 (Ct. Cl. 1981) that an implied-in-fact contract action under the Tucker Act provides an alternate remedy to that afforded by § 7426. The Court need not do so in this case, however, since this Court lacks jurisdiction even under *Gordon* because plaintiff's wrongful levy claims seek recovery of property levied to satisfy their own tax liabilities, not those of a third party. *See* Def.'s Mot. to Dismiss at 5-8.

Respectfully submitted,

April 30, 2007

s/ Joseph B. Syverson

JOSEPH B. SYVERSON
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6508

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
MARY M. ABATE
Assistant Chief

April 30, 2007

s/ Mary M. Abate
Of Counsel