# DEFENDANT'S EXHIBIT
# NO. 12

*Status 26*

Form **843**
(Rev. November 2005)
Department of the Treasury
Internal Revenue Service

## Claim for Refund and Request for Abatement

▶ See separate instructions.

OMB No. 1545-0024

Use Form 843 only if your claim involves (a) one of the taxes shown on line 3a or (b) a refund or abatement of interest, penalties, or additions to tax on line 4a.

**Do not** use Form 843 if your claim is for—
- An overpayment of income taxes;
- A refund for nontaxable use (or sales) of fuel; or
- An overpayment of excise taxes reported on Form(s) 11-C, 720, 730, or 2290.

| Name of claimant | Your SSN or ITIN |
|---|---|
| Alex Chernabaeff and Ann Chernabaeff | |
| Address (number, street, and room or suite no.) | Spouse's SSN or ITIN |
| 4412 Marella Way | |
| | Employer identification number (EIN) |
| Bakersfield, CA 93309 | 95:2361492 |
| Name and address shown on return if different from above | Daytime telephone number |
| | ( 661 ) 945-6121 |

**1 Period.** Prepare a separate Form 843 for each tax period
From 01 / 01 / 1986 to 12 / 31 / 1986

**2** Amount to be refunded or abated
$ 500

**3a** Type of tax, penalty, or addition to tax:
☐ Employment  ☐ Estate  ☐ Gift  ☐ Excise (see instructions)
☐ Penalty—IRC section ▶ _____

**b** Type of return filed (see instructions):
☐ 706  ☐ 709  ☐ 940  ☐ 941  ☑ 943  ☐ 945  ☐ 990-PF  ☐ 4720  ☐ Other (specify)

RECEIVED OSC 40
DEC 19 2006
OP's 1 Dept 2

**4a** Request for abatement or refund of:
☐ Interest as a result of IRS errors or delays.
☐ A penalty or addition to tax as a result of erroneous advice from the IRS.
**b** Dates of payment ▶ _____

**5 Explanation and additional claims.** Explain why you believe this claim should be allowed, and show the computation of your tax refund or abatement of interest, penalty, or addition to tax. If you need more space, attach additional sheets.

**SEE ATTACHED LETTER**

*Rc'vd from Ogden 01/03/2007*

RECEIVED
DEC 0 8 2006
OCSC

RECEIVED IN CORRES
IRS - OSC -580
DEC 0 5 2006
OGDEN, UTAH

EXHIBIT 12

...equest a refund or abatement relating to a joint return, both you and your spouse must
...s must be signed by a corporate officer authorized to sign, and the signature must be

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct, and complete.

Signature (Title, if applicable. Claims by corporations must be signed by an officer.)   Date 12-1-06

Signature   Date

For Privacy Act and Paperwork Reduction Act Notice, see separate instructions.   Cat. No. 10180R   Form **843** (Rev. 11-2005)

# Jeffrey D. Moffatt, Attorney

November 30, 2006, (Thurs)

RECEIVED IN CORRES
IRS - OSC -580

DEC 0 5 2006

Internal Revenue Service (IRS)
Ogden, UT 84201-0025

OGDEN, UTAH

RE: ALEX & ANN CHERNABAEFF
SSN#'S: ███-██-3297 / 95-2361492
843 ATTACHMENT TO SECTION #5
TAX YEAR: 1986, Form 943

To Whom It May Concern:

I am sending this letter with Internal Revenue Service, (IRS) form 843, Claim for Refund and Request for Abatement in response to Item #5, Explanation and additional claims. We are requesting a refund of $500.00, plus penalties and interest, as discussed in this document.

In previous communications with the prior (IRS) representative the refund and abatement issue has not been dealt with adequately. In addition, IRS counsel has taken upon itself not to follow rules, which apply to Bankruptcy discharges. In one of my letters I advised of the Bankruptcy violations and their subsequent ramifications. Please recall a penalty of up to 1 million for civil damages for certain unauthorized collection actions exists under Internal Revenue Code, (IRC) 7433(b).

43625 N. Sierra Hwy, Ste A.
Lancaster, CA 93534

Phone: (661)945-6121
Fax: Telephone # (661)945-3019

The prior representative advised that assessing penalties and interest in this particular case was in error. My office construes the prior representative's requests for abatement as follows, under IRC 6404(a) and (h). As much as your office attempts to rubber stamp Collection Due Process, (CDP), and or Equivalency hearings, your office fails to understand that the burden of proof as to interest and penalties being assessed falls to the IRS under IRC 7491(c).

1. You may wish to brush up on abatement procedures. Here is the current law: Leading authority on abatements comes from <u>Ballhaus v. Internal Revenue Service</u>, 341 F. Supp. 2d 1145; 2004 U.S. Dist. LEXIS 21627; 2004-2 U.S. Tax Case. (CCH) P50, 400, which covered the Tax Court Jurisdiction of penalty abatements. Ballhaus cited <u>Miller v. Commissioner of Internal Revenue</u>, 310 F.3d 640 (9th Cir. 2002). "In deciding whether the court had jurisdiction to hear such an appeal, the Ninth Circuit explained: Prior to 1996, § 6404 did not contain any provision for judicial review of IRS decisions regarding the abatement of interest. [Therefore we have stated that] § 6404(e)(1) "gives the Commissioner complete discretion to determine whether or not to abate interest in situations in which all or part of the interest owed by the taxpayer is due to delay caused by IRS personnel." We accordingly held that, pursuant to the Administrative Procedure Act, 5 U.S.C. § 701(a), which bars judicial review if precluded by statute or if agency action is committed to agency discretion by law, judicial review is "not available for agency action taken pursuant to 26 U.S.C. § 6404(e) (1)." [*1148] In 1996, however, Congress amended the

2

statute, adding what is now § 6404(h), granting the tax court jurisdiction to determine whether the Secretary's failure to abate interest constituted an abuse of discretion." "Thus, under the statute as interpreted by the Ninth Circuit, the tax court has jurisdiction to review the IRS' denial of a request to abate interest for an abuse of discretion. Because federal appellate review of tax court decisions is authorized by statute, the Ninth Circuit held that disputes regarding interest abatement" were appropriate "upon appeal from the tax court. *Id.* (citing 26 U.S.C. § 7482)"

2. Under Bellhaus, since the Tax Court has jurisdiction to hear failures to abate, we request a Notice of Deficiency based on your denial to abate. We also request you take note that we will be making a request for legal fees as well on this case.

3. This theory for Tax Court jurisdiction exists in the Seventh Circuit also, under Estate of Kunze v. Comm'r, 233 F.3d 948, 950 (7th Cir.2000) "(stating that the court had jurisdiction over an appeal of the tax court's review of a denial of an abatement under § 7482(a))." Note this theory, under IRC 7482(a) equally provides Tax Court jurisdiction.

4. Further abatement authority comes from Law Offices of Michael B. L. Hepps v. Commissioner of Internal Revenue, T.C. Memo 2005-138; 2005 Tax Ct. Memo LEXIS 138; 89 T.C.M. (CCH) 1429;RIA TM 56056. "SEC. 6404 (a). General Rule. – The Secretary is authorized to abate the unpaid portion of the assessment of any tax or any liability in respect thereof, which –

    (1) is excessive in amount, or

3

(2) is assessed after the expiration of the period of

limitations properly applicable thereto, or

(3) is erroneously or illegally assessed."

5.  The Hepps rule, therefore, will allow the Tax Court to review and determine if any liability for unpaid tax, or penalty of a tax payer is excessive. Applying penalties and interest to discharged principle, my clients believe, is an example under Hepps, of erroneous, illegal, and excessive and, therefore inappropriate.

6.  Hepps, *supra,* citing Woodral v. Commissioner, stated: 'we concluded that the reference in section 6404(a) to "any tax" included employment taxes, and that the reference in section 6404(a) to "any liability in respect to" the tax includes interest that has accrued on the underlying tax. H & H Trim & Upholstery Co. v. Commissioner, *supra*. We then interpreted the term "excessive" in section 6404(a), as it relates to interest, to include a concept of unfairness". Applying penalties and interest to principle, which is discharged via Bankruptcy is excessive, as covered in Hepps and Woodral.

7.  H and H Trim, *supra,* allows for unfairness to be determined under all of the facts and circumstances. My clients believe that unfairness is to be determined under all the facts and circumstances. The IRS dismissing out of hand in a CDP/ Equivalency hearing that, bringing forth the argument that no balance should be owed, is an error. The failure to do an adequate analysis as to IRC 6404 (a) and (h) is a violation of due process that is owed to my clients.

4

8. Further authority for the Tax Court having jurisdiction on abatement of interest comes under H.R.Rep. No. 104-506, at 28 (1996), noting the current status of the law and adding: "The Committee believes that it is appropriate for the Tax Court to have jurisdiction to review IRS's failure to abate interest with respect to certain taxpayers".

9. IRC Section 7491(c) provides that, the IRS shall have the burden of production in a court proceeding related to the appropriateness of applying any penalties, additions to tax, and additional amounts imposed by the IRC on the taxpayer. The IRS has not met that burden here, which is again yet another example of the violation of due process that was blatantly absent in this case.

10. Also, please make sure my law office gets a copy of your documentation. Failure to make that modification is an RRA 98 violation.

In closing, should you have any questions please do not hesitate to contact me at the number below. My direct facsimile telephone number is: (661) 945-3019. Additionally, you may visit my website at: www.taxauditattorney.com.

Respectfully submitted,

**LAW OFFICES OF JEFFREY D. MOFFATT**

Jeffrey D. Moffatt, Attorney

- **Areas of Practice:** Tax Law / Military & Veterans Law / Pension Benefits (ERISA-LAW) / Qui-Tam Law / Grant Law / Arizona Law.
- **Bar Admission:** U.S. Court of Federal Claims / U.S. Tax Court / U.S. Court of Appeals for Veterans Claims, U.S. Court of Appeals for the Armed Forces & Supreme Court of Arizona.
- **Other Office Location:** Scottsdale, AZ
  Telephone No.: (480)-626-4844

JDM:jh                                                                 Encl: IRS Form 843

5

Jeffrey D Moffatt, Attorney
43625 N. Sierra Hwy, SteA
Lancaster, CA 93534-5073

84201+0025

Internal Revenue Service (IRS)
Ogden, UT 84201-0025

# DEFENDANT'S EXHIBIT NO. 13

Form **843**
(Rev. November 2005)
Department of the Treasury
Internal Revenue Service

**Claim for Refund and Request for Abatement**

▶ See separate instructions.

OMB No. 1545-0024

Use Form 843 only if your claim involves (a) one of the taxes shown on line 3a or (b) a refund or abatement of interest, penalties, or additions to tax on line 4a.
**Do not** use Form 843 if your claim is for—
- An overpayment of income taxes;
- A refund for nontaxable use (or sales) of fuel; or
- An overpayment of excise taxes reported on Form(s) 11-C, 720, 730, or 2290.

| Name of claimant | Your SSN or ITIN |
|---|---|
| Alex Chernabaeff and Ann Chernabaeff | [redacted] |
| Address (number, street, and room or suite no.) | Spouse's SSN or ITIN |
| 4412 Marella Way | [redacted] |
| City or town, state, and ZIP code | Employer identification number (EIN) |
| Bakersfield, CA 93309 | 95 : 2361492 |
| Name and address shown on return if different from above | Daytime telephone number |
| | ( 661 ) 945-6121 |

**1  Period.** Prepare a separate Form 843 for each tax period
From 01 / 01 / 1988 to 12 / 31 / 1988

**2**  Amount to be refunded or abated
$ 500

**3a** Type of tax, penalty, or addition to tax:
☐ Employment  ☐ Estate  ☐ Gift  ☐ Excise (see instructions)
☐ Penalty—IRC section ▶ _____

**b** Type of return filed (see instructions):
☐ 706  ☐ 709  ☑ 940  ☐ 941  ☐ 943  ☐ 945  ☐ 990-PF  ☐ 4720  ☐ Other (specify)

**4a** Request for abatement or refund of:
☐ Interest as a result of IRS errors or delays.
☐ A penalty or addition to tax as a result of erroneous advice from the IRS.

**b** Dates of payment ▶ _____

**5  Explanation and additional claims.** Explain why you believe this claim should be allowed, and show the computation of your tax refund or abatement of interest, penalty, or addition to tax. If you need more space, attach additional sheets.

**SEE ATTACHED LETTER**

RECEIVED OSC 40
DEC 12 2006
IRS OGDEN UTAH

RECEIVED IN CORRES
IRS - OSC -578
DEC 0 5 2006
OGDEN UTAH

EXHIBIT
13

**Signature.** If you are filing Form 843 to request a refund or abatement relating to a joint return, both you and your spouse must sign the claim. Claims filed by corporations must be signed by a corporate officer authorized to sign, and the signature must be accompanied by the officer's title.

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct, and complete.

Signature (Title, if applicable. Claims by corporations must be signed by an officer.)   Date 12-1-06

Signature   Date

For Privacy Act and Paperwork Reduction Act Notice, see separate instructions.   Cat. No. 10180R   Form **843** (Rev. 11-2005)

## Jeffrey D. Moffatt, Attorney

November 30, 2006, (Thurs)

Internal Revenue Service (IRS)
Ogden, UT 84201-0025

RE: ALEX & ANN CHERNABAEFF
    SSN#'S: ███-██-3297 / 95-2361492
    843 ATTACHMENT TO SECTION #5
    TAX YEAR: 1988, Form 940

RECEIVED IN CORRES
IRS - OSC -578
DEC 0 5 2006
OGDEN, UTAH

To Whom It May Concern:

I am sending this letter with Internal Revenue Service, (IRS) form 843, Claim for Refund and Request for Abatement in response to Item #5, Explanation and additional claims. We are requesting a refund of $500.00, plus penalties and interest, as discussed in this document.

In previous communications with the prior (IRS) representative the refund and abatement issue has not been dealt with adequately. In addition, IRS counsel has taken upon itself not to follow rules, which apply to Bankruptcy discharges. In one of my letters I advised of the Bankruptcy violations and their subsequent ramifications. Please recall a penalty of up to 1 million for civil damages for certain unauthorized collection actions exists under Internal Revenue Code, (IRC) 7433(b).

43625 N. Sierra Hwy, Ste A.
Lancaster, CA 93534

Phone: (661)945-612·
Fax: Telephone # (661)945-301!

The prior representative advised that assessing penalties and interest in this particular case was in error. My office construes the prior representative's requests for abatement as follows, under IRC 6404(a) and (h). As much as your office attempts to rubber stamp Collection Due Process, (CDP), and or Equivalency hearings, your office fails to understand that the burden of proof as to interest and penalties being assessed falls to the IRS under IRC 7491(c).

1. You may wish to brush up on abatement procedures. Here is the current law: Leading authority on abatements comes from <u>Ballhaus v. Internal Revenue Service</u>, 341 F. Supp. 2d 1145; 2004 U.S. Dist. LEXIS 21627; 2004-2 U.S. Tax Case. (CCH) P50, 400, which covered the Tax Court Jurisdiction of penalty abatements. Ballhaus cited <u>Miller v. Commissioner of Internal Revenue</u>, 310 F.3d 640 (9th Cir. 2002). "In deciding whether the court had jurisdiction to hear such an appeal, the Ninth Circuit explained: Prior to 1996, <u>§ 6404</u> did not contain any provision for judicial review of IRS decisions regarding the abatement of interest. [Therefore we have stated that] § <u>6404(e)(1)</u> "gives the Commissioner complete discretion to determine whether or not to abate interest in situations in which all or part of the interest owed by the taxpayer is due to delay caused by IRS personnel." We accordingly held that, pursuant to the Administrative Procedure Act, <u>5 U.S.C. § 701(a),</u> which bars judicial review if precluded by statute or if agency action is committed to agency discretion by law, judicial review is "not available for agency action taken pursuant to <u>26 U.S.C. § 6404(e) (1)</u>." [*1148] In 1996, however, Congress amended the

2

statute, adding what is now § 6404(h), granting the tax court jurisdiction to determine whether the Secretary's failure to abate interest constituted an abuse of discretion." "Thus, under the statute as interpreted by the Ninth Circuit, the tax court has jurisdiction to review the IRS' denial of a request to abate interest for an abuse of discretion. Because federal appellate review of tax court decisions is authorized by statute, the Ninth Circuit held that disputes regarding interest abatement" were appropriate "upon appeal from the tax court. *Id.* (citing 26 U.S.C. § 7482)"

2. Under Bellhaus, since the Tax Court has jurisdiction to hear failures to abate, we request a Notice of Deficiency based on your denial to abate. We also request you take note that we will be making a request for legal fees as well on this case.

3. This theory for Tax Court jurisdiction exists in the Seventh Circuit also, under Estate of Kunze v. Comm'r, 233 F.3d 948, 950 (7th Cir.2000) "(stating that the court had jurisdiction over an appeal of the tax court's review of a denial of an abatement under § 7482(a))." Note this theory, under IRC 7482(a) equally provides Tax Court jurisdiction.

4. Further abatement authority comes from Law Offices of Michael B. L. Hepps v. Commissioner of Internal Revenue, T.C. Memo 2005-138; 2005 Tax Ct. Memo LEXIS 138; 89 T.C.M. (CCH) 1429;RIA TM 56056. "SEC. 6404 (a). General Rule. – The Secretary is authorized to abate the unpaid portion of the assessment of any tax or any liability in respect thereof, which –

    (1) is excessive in amount, or

3

(2) is assessed after the expiration of the period of limitations properly applicable thereto, or

(3) is erroneously or illegally assessed."

5. The <u>Hepps</u> rule, therefore, will allow the Tax Court to review and determine if any liability for unpaid tax, or penalty of a tax payer is excessive. Applying penalties and interest to discharged principle, my clients believe, is an example under <u>Hepps</u>, of erroneous, illegal, and excessive and, therefore inappropriate.

6. <u>Hepps</u>, *supra,* citing <u>Woodral v. Commissioner</u>, stated: "we concluded that the reference in <u>section 6404(a)</u> to "any tax" included employment taxes, and that the reference in <u>section 6404(a)</u> to "any liability in respect to" the tax includes interest that has accrued on the underlying tax. <u>H & H Trim & Upholstery Co. v. Commissioner</u>, *supra.* We then interpreted the term "excessive" in <u>section 6404(a),</u> as it relates to interest, to include a concept of unfairness". Applying penalties and interest to principle, which is discharged via Bankruptcy is excessive, as covered in <u>Hepps</u> and <u>Woodral</u>.

7. <u>H and H Trim</u>, *supra*, allows for unfairness to be determined under all of the facts and circumstances. My clients believe that unfairness is to be determined under all the facts and circumstances. The IRS dismissing out of hand in a CDP/ Equivalency hearing that, bringing forth the argument that no balance should be owed, is an error. The failure to do an adequate analysis as to IRC 6404 (a) and (h) is a violation of due process that is owed to my clients.

4

8. Further authority for the Tax Court having jurisdiction on abatement of interest comes under H.R.Rep. No. 104-506, at 28 (1996), noting the current status of the law and adding: "The Committee believes that it is appropriate for the Tax Court to have jurisdiction to review IRS's failure to abate interest with respect to certain taxpayers".

9. IRC Section 7491(c) provides that, the IRS shall have the burden of production in a court proceeding related to the appropriateness of applying any penalties, additions to tax, and additional amounts imposed by the IRC on the taxpayer. The IRS has not met that burden here, which is again yet another example of the violation of due process that was blatantly absent in this case.

10. Also, please make sure my law office gets a copy of your documentation. Failure to make that modification is an RRA 98 violation.

In closing, should you have any questions please do not hesitate to contact me at the number below. My direct facsimile telephone number is: (661) 945-3019. Additionally, you may visit my website at: www.taxauditattorney.com.

Respectfully submitted,

**LAW OFFICES OF JEFFREY D. MOFFATT**

Jeffrey D. Moffatt, Attorney
- **Areas of Practice:** Tax Law / Military &Veterans Law / Pension Benefits (ERISA-LAW) / Qui-Tam Law / Grant Law / Arizona Law.
- **Bar Admission:** U.S. Court of Federal Claims / U.S. Tax Court / U.S. Court of Appeals for Veterans Claims, U.S. Court of Appeals for the Armed Forces & Supreme Court of Arizona.
- **Other Office Location:** Scottsdale, AZ
  Telephone No.: (480)-626-4844

JDM:jh                                                          Encl: IRS Form 843

5

Jeffrey D. Moffatt, Attorney
43625 N. Sierra Hwy, SteA
Lancaster, CA 93534-5073

Internal Revenue Service (IRS)
Ogden, UT 84201-0025