# In the United States Court of Federal Claims

### No. 06-640T
### (Filed: July 12, 2007)

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * | * |
| | * |
| **ALEX and ANN** | * **Subject Matter Jurisdiction, RCFC** |
| **CHERBANAEFF,** | * **12(b)(1); Failure to State a Claim,** |
| | * **RCFC 12(b)(6); Wrongful Levy;** |
| **Plaintiffs,** | * **Review of Denial of Offers in** |
| | * **Compromise; Statutory Interest;** |
| **v.** | * **Damages Claims Under 26 U.S.C. §** |
| | * **7433; Fifth Amendment Takings; Due** |
| **THE UNITED STATES,** | * **Process; Injunctive Relief.** |
| | * |
| **Defendant.** | * |
| | * |
| * * * * * * * * * * * * * * * * * * * | * |

*Jeffrey D. Moffatt,* Lancaster, CA, for plaintiffs.

*Joseph B. Syverson,* U.S. Department of Justice, Washington, DC, with whom were *Eileen J. O'Connor, Assistant Attorney General*, and *Chief, Court of Federal Claims Section, David Gustafson* and *Assistant Chief Mary M. Abate*, for defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

**FIRESTONE**, *Judge.*

Pending before the court is the motion of the United States ("government") to

dismiss the complaint of the plaintiffs, Alex and Ann Chernabaeff [1] ("the plaintiffs"),

pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims

---

[1] The captioning in this case spells the plaintiffs' name as "Cherbanaeff" because this is the spelling used by the plaintiffs in the captioning of their complaint. However, the plaintiffs' name is spelled "Chernabaeff" elsewhere in the complaint, see, e.g., Compl. ¶ 13, and in the official files of the Internal Revenue Service ("IRS") for the plaintiffs, Def.'s Ex. 1-11. Because the correct spelling of the plaintiffs' name appears to be "Chernabaeff," the court will use this spelling of their name, despite the different spelling of their name in the captioning in this case.

("RCFC") for lack of subject matter jurisdiction.  In their complaint, entitled, "Complaint for Wrongful Levy by IRS," the plaintiffs contend that the IRS violated various statutory and constitutional provisions when the IRS began levying the plaintiffs' social security benefits to satisfy the plaintiffs' tax liabilities for the 1985 and 1986 tax years pursuant to 26 U.S.C. § 6331(h) (2000).[2]  In their complaint, the plaintiffs have asserted claims for wrongful levy, statutory interest, damages under 26 U.S.C. § 7433 (2000), and violations of the takings and due process clauses of the Constitution.  In their response to the government's motion to dismiss, the plaintiffs also assert tax refund claims and seek the court's review of the IRS' denial of their offers in compromise.

   In its motion to dismiss, the government contends that this court lacks subject matter jurisdiction over the plaintiffs' claims.

   The court agrees with the government that the plaintiffs' complaint must be dismissed and therefore the government's motion is **GRANTED.**  However, for the reasons stated below, the court holds that the plaintiffs' claims regarding wrongful levy, the offers in compromise, tax refunds, statutory interest, damages under 26 U.S.C. § 7433, and alleged violations of the due process clause must be dismissed for lack of subject matter jurisdiction under RCFC 12(b)(1), and the plaintiffs' takings claims must be dismissed for failure to state a claim under RCFC 12(b)(6).

---

[2] The Secretary of the Treasury is authorized under 26 U.S.C. § 6331(h) to levy upon "any Federal payment other than a payment for which eligibility is based on the income or assets (or both) of a payee." § 6331(h)(2)(A).  A levy made under § 6331(h) is "continuous from the date such levy is first made until such levy is released." § 6331(h)(1).  With an exception not applicable here, the levy attaches to a maximum of 15 percent of the federal payment levied upon. Id.

## BACKGROUND FACTS

The background facts are taken from the complaint and from the statement of facts in the government's Motion to Dismiss (which the plaintiffs do not dispute), as well as the exhibits filed by the plaintiffs and the government. For the purposes of this motion, these facts are assumed to be true. Where, as here, jurisdiction is at issue, the court may consider facts necessary to determine if it has jurisdiction over the case. Rocovich v. United States, 933 F.2d 991, 993 (Fed. Cir. 1991).

The plaintiffs filed their joint income return for tax year 1985 on October 16, 1986. Def.'s Ex. 1 at 2. On November 17, 1986, they were assessed $4,673.00 in tax, $1,051.43 in late filing penalty, and $325.69 in interest. Id. Subsequently, on August 8, 1988, the plaintiffs were assessed $841.00 in additional tax, and $327.00 as an additional late filing penalty. Id. They were also assessed $28.00 in fees and collection costs on September 27, 1999, and $20.00 in fees and collection costs on October 18, 2004. Id. at 3, 6.

The plaintiffs filed their joint income tax return for tax year 1986 on October 16, 1987. Def.'s Ex. 2 at 2. On November 16, 1986, they were assessed $9,518.00 in tax, $104.00 in estimated tax penalty, $380.72 in failure to pay tax penalty, and $531.06 in interest. Id. Subsequently, on April 8, 1991, the plaintiffs were assessed $820.34 in failure to pay tax penalty. Id. at 3. On October 2, 1995, $154.08 of failure to pay tax penalty was abated, and $154.08 in interest was assessed. Id. [3]

---

[3] In addition to the tax liabilities assessed for tax years 1985 and 1986, the plaintiffs have also been assessed income tax liabilities for tax years 1987, 1988, 1989, 1991, 1992, 1993, 1996,

The plaintiffs have been debtors in at least three separate bankruptcy proceedings. The first was pending from March 15, 1985 to approximately December 1988. Def.'s Ex. 1 at 2, 2 at 2. The second was pending from January 18, 1989 to March 29, 1995. Def.'s Ex. 1 at 2-3, 2 at 2-3. The third was pending from November 22, 1995 to April 12, 1999. Def.'s Ex. 1 at 3, 2 at 3. A payment of $7,312.06 arising out of the second bankruptcy proceeding was credited against the plaintiffs' 1986 tax liability on March 28, 1990. Def.'s Ex. 1 at 2. Payments of $1,410.14 and $9,943.98 were credited against the plaintiffs' 1986 tax liability on March 28, 1990 and March 18, 1991, respectively. Def.'s Ex. 2 at 2-3. In addition, a miscellaneous payment of $25.00 was credited against the plaintiffs' 1985 tax liability on July 26, 2005. Def.'s Ex. 1 at 6.

The plaintiffs submitted two offers in compromise to settle their tax liabilities. The first offer in compromise was "pending" on November 9, 1999 and was rejected by the IRS on May 2, 2002. Def.'s Ex. 1 at 3, 2 at 3. The second offer in compromise was "pending" on August 6, 2004 and was withdrawn on February 4, 2005. Def.'s Ex. 1 at 5-6, 2 at 6.

On May 19, 2004, the IRS issued to the plaintiffs collection due process notices of intent to levy for the 1985 and 1986 tax years. Def.'s Ex. 1 at 4-5, 2 at 4-5. Nearly two years later, the plaintiffs requested a collection due process hearing in a letter dated

---

1997, and 1998. (Def.'s Ex. 3 at 10, 4 at 9, 5 at 10, 6 at 9, 7 at 9, 8 at 9, 9 at 9, 10 at 11, 11 at 8).

March 7, 2006; however, the IRS determined that the plaintiffs' request was untimely.[4]

On April 17, 2006, the IRS mailed the plaintiffs final notices before levy on social

security benefits for the 1985 and 1986 tax years.  Def.'s Ex. 1 at 7, 2 at 7.

Beginning on July 3, 2006, the IRS began levying the plaintiffs' social security

benefits to satisfy their income tax liabilities, pursuant to the authority granted by 26

U.S.C. § 6331(h).  The IRS levied upon plaintiff Alex Chernabaeff's social security

benefits the amount of $187.05 on a monthly basis and credited these amounts against the

plaintiffs' tax liabilities.  Def.'s Ex. 1 at 8-9, Compl. ¶¶ 1, 24.  The IRS also levied on

plaintiff Ann Chernabaeff's social security benefits in the amount of $86.10 on a monthly

basis, and credited these amounts against the plaintiffs' tax liabilities.  Def.'s Ex. 2 at 8-9,

Compl. ¶¶ 1, 24.  As of October 16, 2006, the IRS had made eight levies, totaling

$1,092.60, upon the plaintiffs' social security benefits to satisfy their income tax

---

[4] A taxpayer may request a hearing within 30 days of receiving a notice of intent to levy.
See 26 U.S.C. § 6330(b)(1).  The IRS regulations interpreting this statutory provision also
require that a taxpayer request a hearing within 30 days (the current regulatory provision is
identical to the provision that was in effect in 2004 when the IRS issued to the plaintiffs a notice
of intent to levy):

> A taxpayer must submit a written request for a [Collection Due Process ("CDP")]
> hearing within the 30-day period commencing the day after the date of the CDP
> Notice issued under section 6330.  This period is slightly different from the period
> for submitting a written request for a CDP hearing with respect to a CDP Notice
> issued under 6320.  For a CDP Notice issued under section 6320, a taxpayer must
> submit a written request for a CDP hearing within the 30-day period commencing the
> day after the end of the five business day period following the filing of the notice of
> federal tax lien (NFTL).

Treas. Reg. § 301.6330-1 (2004).

liabilities for tax years 1985, 1986, 1987, 1988, 1989, 1991, 1992, 1993, 1996, 1997, and 1998. Def.'s Ex. 1 at 10, 2 at 10, 3 at 2-10, 4 at 2-9, 5 at 2-10, 6 at 2-9, 7 at 2-9, 9 at 2-9, 10 at 2-11, 11 at 2-8. These levies are still continuing.

Although the IRS had already begun to levy the plaintiffs' Social Security benefits in July 2006, the IRS Appeals Office provided the plaintiffs with an "equivalent hearing" in response to the plaintiffs' March 2006 request for a due process hearing, which had been untimely. In its decision letter dated November 17, 2006, the IRS concluded that the levy was appropriate. Pls.' Ex. 4.[5]

## DISCUSSION

### I.     Jurisdiction

The Court of Federal Claims is a court of "limited jurisdiction." United States v. King, 395 U.S. 1, 3 (1969). General jurisdiction of the Court of Federal Claims is derived from the Tucker Act, 28 U.S.C. § 1491 (2000). The Tucker Act provides that an action may be maintained in the Court of Federal Claims only if it is "founded upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker

---

[5] The decision letter explains that the plaintiffs believed that their obligations had been discharged for a portion of the tax owed and initially asked that their liability be reduced from $452,364.07 to $182,588.97. The plaintiffs then withdrew this offer through a new representative and said that all of their tax obligations had been discharged. The IRS provided the plaintiffs with a legal opinion explaining why their tax obligations had not been discharged and that the lien on the plaintiffs' Social Security benefits would not be withdrawn. Pls.' Ex. 4.

Act itself "does not create any substantive right enforceable against the United States for money damages." United States v. Testan, 424 U.S. 392, 398 (1976). Rather, "in order to come within the jurisdictional reach and the waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages." Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005). See also Testan, 424 U.S. at 398; United States v. Mitchell, 463 U.S. 206, 215-216 (1983); Eastport S.S. Corp. v. United States, 178 Ct. Cl. 599, 607 (1967). Thus, in order to establish jurisdiction, the plaintiffs must allege a money-mandating claim.

The issue of whether the plaintiffs have alleged a money-mandating claim has led to some confusion over whether the plaintiffs' failure to do so leads to dismissal under RCFC 12(b)(1) for lack of jurisdiction or RCFC 12(b)(6) for failure to state a claim upon which relief can be granted. The United States Court of Appeals for the Federal Circuit has recently stated that the Court of Federal Claims should analyze the issue as follows:

> [W]hen a claim is brought under the Tucker Act, the Court of Federal Claims must first consider whether the statute or regulation is money-mandating. See Fisher, 402 F.3d at 1172. In doing so, the Court of Federal Claims asks only whether the plaintiff is within the class of plaintiffs entitled to recover under the statute if the elements of a cause of action are established. If the statute is not money-mandating, the Court of Federal Claims lacks jurisdiction, and the dismissal should be for lack of subject matter jurisdiction. See id. at 1175.
>
> Only after this inquiry is completed and the Court of Federal Claims takes jurisdiction over the case does it consider the facts specific to the plaintiff's case to determine "whether on the facts [the plaintiff's] claim f[alls] within the terms of the statutes." Fisher, 402 F.3d at 1172. As we recently said in Brodowy v. United States, 482 F.3d 1370 (Fed. Cir. 2007), "[w]here plaintiffs have invoked a money-mandating statute and have made a non-

frivolous assertion that they are entitled to relief under the statute, we have held that the Court of Federal Claims has subject matter jurisdiction over the case." Id. at 1375.

Greenlee County v. United States, 2007 WL 1391389, at *3 (Fed. Cir. May 14, 2007) (alteration in original) (footnote omitted).

Tested against these standards, the court examines each of the plaintiffs' claims in turn to determine, first, whether they are "within the class of plaintiffs entitled to recover" under a money-mandating statute or regulation, id., or whether the court should dismiss the claim for lack of jurisdiction pursuant to RCFC 12(b)(1).  Where the court determines that it has jurisdiction over a claim, the court will then proceed to determine whether the plaintiffs have pled facts which would entitle them to relief under the terms of the money-mandating statutes or regulations or whether the court should dismiss the claim pursuant to RCFC 12(b)(6).

## II.  Standard of Review

RCFC 12(b)(1) governs the dismissal of a claim for lack of subject matter jurisdiction.  In deciding a RCFC 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the court is generally "obligated to assume all factual allegations to be true and to draw all reasonable inferences in plaintiff's favor."  Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995) (citing Scheuer v. Rhodes, 416 U.S. 232, 236-237 (1974)).

Dismissal of a complaint under RCFC 12(b)(6) is appropriate "when the plaintiff can prove no set of facts that would warrant the requested relief, when drawing all well-pleaded factual inferences in favor of the complainant."  Levine v. United States, 453

F.3d 1348, 1350 (Fed. Cir. 2006) (citations omitted).  "A motion to dismiss . . . for failure

to state a claim upon which relief can be granted is appropriate when the facts asserted by

the plaintiff do not entitle him to a legal remedy."  United Pac. Ins. Co. v. United States,

464 F.3d 1325, 1327 (Fed. Cir. 2000) (quotation omitted).  "A dismissal for failure to

state a claim . . . is a decision on the merits which focuses on whether the complaint

contains allegations, that, if proven, are sufficient to entitle a party to relief."  Gould, Inc.

v. United States, 67 F.3d 925, 929 (Fed. Cir. 1995).  In deciding whether a dismissal for

failure to state a claim is appropriate, the court "must accept as true all the factual

allegations in the complaint . . . and we must indulge all reasonable inferences in favor of

the non-movant."  Sommers Oil Co. v. United States, 241 F.3d 1375, 1378 (Fed. Cir.

2001) (internal citations omitted); see also Scheuer, 416 U.S. at 236.

**III.    The Plaintiffs' Claims Must Be Dismissed.**

   **A.    The Court Lacks Jurisdiction Over the Plaintiffs' Wrongful Levy
          Claim.**

Under 26 U.S.C. § 7426 (2000), where a person's property has been levied to

satisfy the tax obligations of another person, the person whose property was levied (a

"third party") may bring a wrongful levy suit against the government in a federal district

court.[6]  This court also has been held to have jurisdiction over wrongful levy claims under

_____

   [6] Section 7426 of Title 26, entitled "Civil actions by persons other than taxpayers,"
provides in pertinent part:

   (1) Wrongful levy. – If a levy has been made on property or property has been sold
   pursuant to a levy, any person (other than the person against whom is assessed the tax

9

Document Management Group, Inc. v. United States, 11 Ct. Cl. 463, 467 (1987)

("Implied-in-fact contract jurisdiction provides relief where a third party is levied."), and

Gordon v. United States, 649 F.2d 837, 843 (Ct. Cl. 1981) ("We therefore hold that

Congress did not intend I.R.C. § 7426 to withdraw Tucker Act jurisdiction of third-party

levy contests from this court.").[7]

The plaintiffs assert "wrongful levy" claims based on their contentions that the IRS

levy on their social security payments violated the ten-year statute of limitations for

collection actions under 26 U.S.C. § 6502 (2000) and impermissibly ignored the

discharge of the plaintiffs' debt through prior bankruptcy court proceedings.  The

plaintiffs rely on 26 U.S.C. § 7426, as well as Gordon and Document Management

Group, for the proposition that this court has jurisdiction over their "wrongful levy"

---

out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States.  Such action may be brought without regard to whether such property has been surrendered or sold by the Secretary.

(emphasis added)

[7] The court notes that the continued viability of the holdings in Document Management Group and Gordon to the effect that this court has jurisdiction over wrongful levy claims is uncertain based on the United States Supreme Court's recent holding in EC Term of Years Trust v. United States, 2007 WL 1237845 (U.S. April 30, 2007).  In holding a wrongful levy action is the exclusive remedy for a third party whose property had been levied and that a plaintiff could not instead bring a tax refund claim, the Supreme Court stated that a "precisely drawn, detailed statute pre-empts more general remedies."  Id. at *3 (quoting Brown v. United States, 425 U.S. 829, 834 (1976)).  The Supreme Court reasoned: "Congress specifically tailored § 7426(a)(1) to third party claims of wrongful levy, and if third parties would avail themselves of the general tax refund jurisdiction of § 1346(a)(1), they could effortlessly evade the levy statute's 9-month limitations period thought essential to the Government's tax collection."  Id.

claims. They also argue that they "would have been the third party" had the IRS honored their bankruptcy discharge or approved their offers in compromise because the plaintiffs would "no longer have had debt with Defendant for the years in question" and because the bankruptcy court controlled their assets during the bankruptcy proceeding. Pls.' Opposition to Def.'s Motion to Dismiss ("Pls.' Resp.") at 14.

The government contends that the court lacks jurisdiction over the plaintiffs' "wrongful levy" claims because the plaintiffs allege that they were levied upon to satisfy their own tax liabilities, not the tax liabilities of others, and therefore they are not third-parties. The government contends that a wrongful levy claim is limited to actions by third-parties to recover the funds levied from them to satisfy the tax liabilities of others, and that taxpayers seeking to recover funds levied to satisfy their own tax liabilities must file a refund claim. See Kirkendall v. United States, 31 F. Supp. 766, 769 (Ct. Cl. 1940) ("[A] refund claim is an appropriate action under the revenue statutes to recover money paid as taxes when made by the party who paid the tax."); Document Management Group, 11 Ct. Cl. at 467 ("Implied-in-fact contract jurisdiction provides relief where a third party is levied."); Gordon, 227 Ct. Cl. at 843 (providing for jurisdiction over "third-party levy contests"). The government further argues that the statutory provision relied upon by the plaintiffs, 26 U.S.C. § 7426, provides for exclusive jurisdiction in a "district court of the United States," but not this court.

The court holds that this court lacks jurisdiction over the plaintiffs' wrongful levy claim. Even if this court were to have jurisdiction over wrongful levy claims, this court

would lack jurisdiction over the plaintiffs' claim. The plaintiffs are not third parties and therefore are not "within the class of plaintiffs entitled to recover under the statute . . .", Greenlee, 2007 WL 1391389, at *3. The applicable statute provides that a wrongful levy claim is a claim by a third party. 26 U.S.C. § 7426(a)(1) (providing for a wrongful levy cause of action for "any person (other than the person against whom is assessed the tax out of which such levy arose)"). See also Texas Commerce Bank-Fort Worth v. United States, 896 F.2d 152, 156 (5th Cir. 1990) ("A levy is 'wrongful' if it seizes property that does not belong, in whole or in part, to the taxpayer."). The plaintiffs' arguments that they would have been third parties if the IRS had honored their bankruptcy discharge or approved their offers in compromise and because the bankruptcy court had control over their assets are not persuasive. The complaint states that the levy at issue was to satisfy the tax liability of the plaintiffs. While the plaintiffs contest their underlying tax liability due to the bankruptcy proceeding, this does not make them third parties for the purposes of this court's jurisdiction over a wrongful levy claim.[8]

---

[8] The court notes that the plaintiffs were not without a remedy when they first received notice from the IRS that it intended to levy their property. The plaintiffs had the opportunity under 26 U.S.C. § 6330 to challenge the levy after they had received notice of the IRS' intent to levy their social security payments on May 19, 2004. Under 26 U.S.C. § 6330, taxpayers may request in writing a hearing by the IRS Office of Appeals within 30 days of receiving the initial IRS notice, § 6330(b), and "may appeal this determination to the Tax Court," § 6330(d)(1). However, because the plaintiffs missed their deadline and did not submit a request for such a hearing until nearly two years after receiving the initial IRS notice, they were not entitled to a collection due process hearing. Pl.'s Ex. 4 at 4. The IRS instead provided the plaintiffs with "an Equivalent Hearing without the right of judicial review," id., and concluded in its November 17, 2006 Decision Letter that the "Notice of Federal Tax Lien will not be released or withdrawn." Id. at 8. No further judicial review is provided for under the applicable statutory provisions.

**B.      The Court Lacks Jurisdiction Over the Plaintiffs' Claims Seeking Review of the Denial of the Plaintiffs' Offers in Compromise.**

The IRS may "compromise any civil or criminal case arising under the internal revenue laws prior to reference to the Department of Justice for prosecution or defense." 26 U.S.C. § 7122(a).  A taxpayer may appeal the rejection of a proposed offer in compromise to the IRS Office of Appeals.  26 U.S.C. § 7122(e).  The applicable IRS regulations provide that a "taxpayer may administratively appeal a rejection of an offer to compromise to the IRS Office of Appeals (Appeals) . . . with the 30-day period commencing the day after the date on the letter of rejection."  26 C.F.R. § 301.7122-1(f)(5).

In their response to the government's motion to dismiss, the plaintiffs request that the court review the IRS' decision to reject the plaintiffs' offers in compromise.  The plaintiffs contend that, due to an alleged reduction in IRS funding for the review of offers in compromise, the IRS did not properly evaluate their offers in compromise and that the IRS denied the plaintiffs their proper administrative remedies.  As a result, the plaintiffs contend that the IRS failed to consider their age, health, and lack of assets.  While the plaintiffs acknowledge that "the IRS may be outside the Administrative Procedure Act,"

---

Although the IRS provided the plaintiffs with an "equivalent hearing," such a hearing does not include the right to judicial review.  See Orum v. Comm'r of Internal Revenue, 412 F.3d 819, 821 (7th Cir. 2005) ("[T]he outcome of an 'equivalent hearing' is not subject to judicial review."); Fed. Tax Coordinator ¶ V-5278 ("An equivalent hearing is equivalent to a CDP [collection due process] hearing in all ways except that there is no statute suspension, no retained jurisdiction, and the taxpayer does not have the right to seek judicial review of Appeal's decision, except as to spousal defenses . . . or in litigation over whether or not the CDP request is late.").

[5 U.S.C. § 706 (2000)] ("APA"), the plaintiffs contend that this court may review the IRS' actions for abuse of discretion.  Pls.' Resp. at 14.

In response, the government argues that this court lacks jurisdiction to review the IRS's rejection of the plaintiffs' offers in compromise.  With regard to review under the APA, the government contends that this court lacks jurisdiction to review agency actions under the APA.  For this proposition, the government relies on Martinez v. United States, 333 F.3d 1295, 1313 (Fed. Cir. 2003) (en banc) ("[T]he Court of Federal Claims lacks APA jurisdiction . . . ").  The government further argues that a denial of an offer in compromise is not reviewable under the APA because the APA does not permit review of agency actions when "agency action is committed to agency discretion by law," 5 U.S.C. 701(a)(2), whereas the Secretary of the Treasury's authority to compromise tax liabilities is discretionary, 26 U.S.C. § 7122(a) ("[T]he Secretary may compromise any civil or criminal case arising under the internal revenue laws prior to reference to the Department of Justice for prosecution or defense . . . .").  For this proposition, the government relies on Asemani v. United States, 2004 WL 2649718, at *3 (M.D. Pa. Oct. 19, 2004) (citing 5 U.S.C. § 701(a), and holding that "[t]he discretionary denial of the Plaintiff's Offer in Compromise by the IRS is not reviewable under the APA.").

The court agrees with government that the court lacks jurisdiction to review the IRS' denial of the plaintiffs' offers in compromise.  As the government correctly states, this court lacks APA jurisdiction, Martinez, 333 F.3d at 1313, and an IRS denial of an offer in compromise is not reviewable under the APA in any event, Asemani, 2004 WL

14

2649718, at *3.  Furthermore, there is no statutory provision providing for review in this court of an IRS denial of an offer in compromise.  The statutory and regulatory provisions that deal with offers in compromise provide solely for an appeal to the IRS Office of Appeals.  See 26 U.S.C. § 7122(e); 26 C.F.R. § 301.7122-1(f)(5).[9]

### C.   The Court Lacks Jurisdiction Over the Plaintiffs' Tax Refund Claims.

This court, concurrently with federal district courts, may exercise jurisdiction over suits seeking a tax refund.  28 U.S.C. §§ 1346(a)(1) and 1491 (2000).  However, certain prerequisites must be met before a taxpayer may properly invoke this court's jurisdiction. See Wayne Raymond Barr, 1 Causes of Action 683 (2006).  First, the taxpayer must fully pay the tax deficiency.  See Ledford v. United States, 297 F.3d 1378 (Fed. Cir. 2002) (citing Flora v. United States, 262 U.S. 145 (1960)) ("[P]ayment of the assessed taxes in full is a prerequisite to bringing a refund claim."); Shore v. United States; 9 F.3d 1524,

---

[9] The court also notes that, although 26 U.S.C. § 7122(e) and 26 C.F.R. § 301.7122-1(f)(5) do not provide for judicial review, the plaintiffs would have had the opportunity to seek review in the Tax Court of the IRS' denial of their offers in compromise if they had timely requested a due process hearing under 26 U.S.C. § 6330 upon receiving the IRS notice of intent to levy.  This statutory provision provides that at a due process hearing the IRS Office of Appeals is to consider issues including "offers of collection alternatives, which may include . . . an offer-in-compromise."  Id. (b)(2)(iii).  A taxpayer may appeal an IRS determination following a due process hearing to the Tax Court.  Id. (d)(1).  In such an appeal to the Tax Court, the plaintiffs would have been able to challenge the denial of their offers in compromise.  See Christopher Cross, Inc. v. United States, 461 F.3d 610, 612 (5th Cir. 2006) ("In a collection due process case in which the underlying tax liability is properly at issue, the Tax Court (and hence this Court) reviews the underlying liability de novo and reviews the other administrative determinations for an abuse of discretion.") (emphasis in the original) (quotations omitted).  See also Oman v. Comm'r of Internal Revenue, T.C. Memo. 2006-231, at *3, Asemani, 2004 WL 2649718, at *2. However, as discussed above, the plaintiffs failed to timely request a due process hearing, and therefore they cannot avail themselves of the judicial review in the Tax Court provided for under 26 U.S.C. § 6330.

1527 (Fed. Cir. 1993); Rocovich v. United States, 933 F.2d 991, 993-994 (Fed. Cir.

1991).

Second, the taxpayer must duly file a timely refund claim with the Secretary of the

Treasury before filing a refund suit.  See 26 U.S.C. § 7422(a).[10]  It is well-settled that

satisfaction of that filing requirement is a jurisdictional prerequisite to suit in this court.

See Minehan v. United States, 75 Fed. Cl. 249, 254 (2007) (citing Sun Chem. Corp. v.

United States, 698 F.2d 1203, 1206 (Fed. Cir. 1983)); Stelco Holding Co. v. United

States, 42 Fed. Cl. 101, 104 (1998)).

Third, a taxpayer may not file a refund suit until either rejection of the

administrative refund claim by the IRS or the expiration of the six-month period for IRS

consideration of the claim, whichever occurs earlier.  See 26 U.S.C. § 6532(a) (2000);[11]

---

[10] 26 U.S.C. § 7422(a) provides, in pertinent part, as follows: "No suit or proceeding shall be maintained in any court for the recovery of any internal tax revenue alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed with the Secretary . . ."

A tax refund request must be filed with the IRS either (1) three years from the date on which the return giving rise to the refund claim was filed; or (2) two years from the date on which the tax was paid, whichever is later.  26 U.S.C. § 6511(a).

[11] 26 U.S.C. § 6532(a) provides, in pertinent part, as follows:

Suits by taxpayers for refund.--

(1) General Rule.– No suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary renders a decision thereon within that time, nor after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates.

Skillo v. United States, 68 Fed. Cl. 734, 741 (2005).

In their response to the government's motion to dismiss, the plaintiffs contend that they have submitted refund requests to the IRS and that this court therefore has jurisdiction over their claims for a tax refund.[12]  The plaintiffs also appear to argue that this court has jurisdiction over a tax refund claim for the 1991 tax year because, after this case was filed, the IRS applied an overpayment by the plaintiffs for the 1988 tax year to the plaintiffs' tax obligations for the 1991 tax year.  Pls.' Ex. 2.[13]

The government argues that this court does not have jurisdiction over the plaintiffs' refund claims because the plaintiffs have not followed the requirements to properly invoke this court's jurisdiction.  The government argues that the plaintiffs failed to assert any refund claims in their complaint and are therefore required to file a new

---

[12] The plaintiffs have not submitted to the court copies of any refund claims filed with the IRS.  However, the government has provided copies of tax refund claims filed by the plaintiffs with the IRS.  These include the following: (1) Claim for Refund and Request for Abatement of taxes reported on Form 943 [Employer's Annual Tax Return for Agricultural Employees] for the 1986 tax year, seeking $500, Def.'s Ex. 12; and (2) Claim for Refund and Request for Abatement of taxes reported on Form 940 [Employer's Annual Federal Unemployment Tax Return] for the 1988 tax year, seeking $500, Def.'s Ex. 13.  Both of these claims are dated December 1, 2006 and were received by the IRS on December 5, 2006.  Def.'s Ex. 12, 13.

[13] The plaintiffs rely on WWSM Investors v. United States, 64 F.3d 456 (9th Cir. 1995), for the proposition that this court has jurisdiction over their tax refund claims.  WWSM Investors is inapplicable here because it dealt with third parties, and as discussed above, the plaintiffs are not third parties.  Furthermore, as discussed above, after the briefs were filed in this case, the United States Supreme Court abrogated WWSM Investors in holding that a wrongful levy action is the exclusive remedy for a third party whose property had been levied.  EC Term of Years, 2007 WL 1237845, at *3-4.

complaint that comports with the requirements of RCFC 9(h)[14] and that follows the time

period specified in 26 U.S.C. § 6532(a).  The government also contends that 26 U.S.C. §

7422(a) requires that an administrative claim for refund be filed <u>before</u> a plaintiff brings

suit, whereas here the administrative claims for the 1985 and 1986 tax years were filed in

December 2006, which is <u>after</u> the plaintiffs filed suit in this court.  The government

further contends that the plaintiffs' administrative refund claims, which are related to

employer taxes, are unrelated to the levy at issue in this case.  With regard to the

plaintiffs' tax refund claim for the 1991 tax year, the government argues that the plaintiffs

have failed to file a timely claim for administrative refund and fully pay their outstanding

liability for tax year 1991 before filing suit in this court.

The court agrees that it lacks jurisdiction over the plaintiffs' refund claims.  While

the Court of Federal Claims generally has jurisdiction over tax refund claims, taxpayers

must follow the proper procedures in order for this court to have jurisdiction.  <u>See</u> 26

U.S.C. §§ 7422(a) and 6532(a); RCFC 9(h).  As the United States Supreme Court held,

"Despite its spacious terms, § 1346(a)(1) must be read in conformity with other statutory

---

[14] RCFC 9(h)(6) provides:

Tax Refund Suits.  In any action for refund of federal tax, for each tax year or period
for which a refund is sought, the amount, date, and place of each payment to be
refunded; the date and place the return, if any, was filed; the name, address, and
identification number of the taxpayer or taxpayers appearing on the tax return; the
date and place the claim for refund was filed; and the identification number for each
plaintiff, if different from the identification number of the taxpayer.  A copy of the
claim for refund shall be annexed to the complaint.

provisions which qualify a taxpayer's right to bring a refund suit upon compliance with certain conditions." United States v. Dalm, 494 U.S. 596, 601 (1990) (holding that the district court was barred from entertaining a plaintiff's tax refund suit where the plaintiff had failed to comply with the statutory requirements related to the timing for filing an administrative claim for a refund). The plaintiffs have failed to demonstrate that they complied with these requirements for any of the tax years for which tax refunds are claimed.[15] Because the plaintiffs have failed to follow the prerequisites to filing a tax refund claim in this court, the plaintiffs are not "within the class of plaintiffs entitled to recover" under 28 U.S.C. §§ 1346(a)(1) and 1491, and therefore this court lacks jurisdiction over their tax refund claims. See Greenlee, 2007 WL 1391389, at *3. Once the plaintiffs comply with the applicable requirements, they will be able to file a proper refund claim in this court.

### D. The Court Lacks Jurisdiction Over the Plaintiffs's Statutory Interest Claims.

Where a court determines that there has been an overpayment by a taxpayer, the court shall award interest on the overpayment to the taxpayer. See 26 U.S.C. § 6611(a)

---

[15] During oral argument, the plaintiffs argued for the first time that their counsel's correspondence with the IRS, which was referenced in the government's November 16, 2006 decision letter, Pls.' Ex. 4, satisfied the "functional equivalent" of an administrative refund claim. However, the plaintiffs have failed to demonstrate that such correspondence satisfied the requirements for an administrative refund claim. While the plaintiffs challenged the levy on the grounds that their tax liability had been discharged, they did not specifically seek any refund. Indeed, as noted in footnote 5, at one point the plaintiffs indicated that they were liable for a portion of the taxes, interest and penalties in an amount of over $180,000. Moreover, the plaintiffs did not assert a refund claim in their complaint as required by RCFC 9(h).

(2000) ("Interest shall be allowed and paid upon any overpayment in respect of any internal revenue tax at the overpayment rate established under section 6621."); see also Alexander Proudfoot Co. v. United States, 454 F.2d 1379, 1384 (Ct. Cl. 1972) ("Regulated by §§ 6611-6612, that form of interest is paid by the United States . . . because the Government has had the use of money found to belong to the taxpayer."); Wilson v. United States, 376 F.2d 280, 298 (Ct. Cl. 1967) ("[T]he plaintiffs assert that they are entitled to interest on any income tax refunds that they may recover in the present action.  This is authorized by 26 U.S.C. § 6611."); Michael I. Saltzman, IRS Practice and Procedure, ¶ 6.07 at 6-49 (rev. 2d ed. 2005) (footnotes omitted) ("The government must pay interest at the rate determined under Section 6621 to any taxpayer who has overpaid any internal revenue tax [citing 26 U.S.C. § 6611] . . . An overpayment occurs when a taxpayer pays an amount that is greater than the amount required to satisfy his entire correct tax liability."); Barr, 1 Causes of Action 683 § 29 ("Interest on tax refunds won by taxpayers in suits against the United States is recoverable under 26 U.S.C. § 6611.").

The plaintiffs assert a claim for statutory interest under 26 U.S.C. § 6402.[16]  While

---

[16] This provision provides as follows:

General rule. – In the case of any overpayment, the Secretary, within the applicable period of limitations, may credit the amount of such overpayment, including any interest allowed thereon, against any liability in respect of an internal revenue tax on the part of the person who made the overpayment and shall, subject to subsections (c), (d) and (e), refund any balance to such person.

26 U.S.C. § 6402(a) (2000).

the plaintiffs do not state so explicitly, it appears that they seek statutory interest on the amounts that the IRS levied on their social security benefits.  The plaintiffs argue that, even if the court were to lack jurisdiction over their refund claims, the court can exercise jurisdiction over its claim for statutory interest alone.  The plaintiffs rely on Citadel Industries, Inc. v. United States, 34 F. Supp. 245 (D.N.Y. 1970), and Amoco Production Co. v. United States, 61 A.F.T.R.2d 88-750 (N.D. Ill. 1988), for the proposition that the Court of Federal Claims has assumed subject matter jurisdiction for interest alone.

The government argues that, because the court lacks jurisdiction over the plaintiffs' refund claims, the court lacks jurisdiction over the plaintiffs' claim for statutory interest.  The government argues that this court's jurisdiction over a claim for statutory interest on an overpayment of taxes is dependent upon a determination that plaintiffs have in fact overpaid their taxes and are entitled to a refund.  For this proposition, the government relies on Overseas Thread Industries, Ltd. v. United States, 48 Fed. Cl. 221, 225 (2000) ("A refund claim implicitly carries with it a claim for statutory interest, and thus no separate claim is required to claim interest.").

This court agrees with the government that it lacks jurisdiction over the plaintiffs' claim for statutory interest.  This court may exercise jurisdiction over claims solely for statutory interest where it has already been established that there was an "overpayment" by the taxpayer.  See Brown & Williamson Ltd. v. United States, 688 F.2d 747, 752 (Ct. Cl. 1982) (exercising jurisdiction over a claim for statutory interest where the underlying

entitlement to a refund was not at issue, but rather, the issue was "the 'date of overpayment' of the <u>refunded</u> taxes") (emphasis added).  Here, however, there has been no determination that the plaintiffs are entitled to a refund, and, as discussed above, the court lacks jurisdiction over the plaintiffs' refund claims.  Therefore, the plaintiffs' claim for statutory interest is premature.  As the language of 26 U.S.C. § 6611, as well as the cases interpreting this provision, make clear, the payment of interest is triggered by the "overpayment" by a taxpayer.  <u>See, e.g.</u>, <u>Alexander Proudfoot</u>, 454 F.2d at 1384 (discussing the payment of interest on money "found to belong to the taxpayer").  <u>See also</u> <u>Four Star Oil & Gas Co. v. United States</u>, 49 Fed. Cl. 755, 764 n. 11 (quoting <u>Barnes v. United States</u>, 1137 F. Supp. 716, 718 (Ct. Cl. 1956)) ("[A] cause of action for interest does not accrue until the refund or credit is allowed.").  Lacking a determination that there has been an overpayment and lacking jurisdiction over a refund claim, this court lacks jurisdiction over the plaintiffs' claim for statutory interest.[17]

---

[17] The plaintiffs' reliance on 26 U.S.C. § 6402 is misplaced.  While this provision deals with the payment of "any interest allowed," it applies only "in the case of any overpayment." <u>Id.</u> (a).  Furthermore, the purpose of this provision is to give "the IRS the discretionary authority to credit tax overpayments to a tax liability."  <u>Georgeff v. United States</u>, 67 Fed. Cl. 598, 608 (2005).

The plaintiffs' reliance on <u>Citadel Industries</u> is misplaced.  <u>Citadel</u> is not a Court of Federal Claims case.  In addition, the amount of the refund was not in dispute in <u>Citadel Industries</u>, 314 F. Supp. at 246 ("The plaintiff here sues to recover interest on the offset of $384,505.21 . . .").  Likewise, in <u>Amoco Production</u> the amount of the overpayments was not in dispute.  61 A.F.T.R.2d 88-750.

### E.     The Court Lacks Jurisdiction Over the Plaintiff's Damage Claims Under 26 U.S.C. § 7433.

A taxpayer may seek civil damages for certain unauthorized collection actions as follows:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States <u>in a district court of the United States</u>.  Except as provided in section 7432[18], such civil action shall be the <u>exclusive remedy</u> for recovering damages resulting from such actions.

26 U.S.C. § 7433(a) (emphasis added).

With regard to IRS collection actions in violation of bankruptcy proceedings, a taxpayer may seek damages as follows:

> (1) In general. – If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service willfully violates any provision of section 362 (relating to automatic stay) or 524 (relating to effect of discharge) of title 11, United States Code (or any successor provision), or any regulation promulgated under such provision, such taxpayer may petition <u>the bankruptcy court</u> to recover damages against the United States.

> (2) Remedy to be exclusive. –

> (A) In general. – Except as provided in subparagraph (B), notwithstanding section 105 of such title 11, such petition shall be the <u>exclusive remedy</u> for recovering damages  resulting from such actions.

26 U.S.C. § 7433(e) (emphasis added).

---

[18] None of the provisions in 26 U.S.C. § 7432 provide for jurisdiction in the Court of Federal Claims.

23

The plaintiffs seek damages in the amount of $10,000 for the IRS' alleged violations of 26 U.S.C. § 7433.  The plaintiffs contend that the IRS violated 26 U.S.C. § 7433 when the IRS made levies outside the time period specified in the statute of limitations for collections under 26 U.S.C. § 6502.  The plaintiffs also contend that the IRS violated 26 U.S.C. § 7433 when the IRS made levies to recover taxes and related penalties and interest that had been discharged by the bankruptcy court.  The plaintiffs rely on In re Cousins, 238 B.R. 503 (D. N.H. 2000), rev'd In re Cousins, 209 F.3d 38 (1st Cir. 2000), and In re Mitchell, 210 B.R. 978 (N.D. Texas 1997), for the proposition that the IRS is not entitled to recover post-petition interest or penalties.  The plaintiffs argue that because 26 U.S.C. § 7433 provides for damages for these violations, this court should exercise jurisdiction under the Tucker Act.

The government argues in response that, while 26 U.S.C. § 7433 may provide for civil damages under certain circumstances, this statutory provision does not provide for jurisdiction in the Court of Federal Claims.  With regard to the plaintiffs' allegations that the IRS made the levies outside the time period specified in the statute of limitations for collections, the government argues that 26 U.S.C. § 7433(a) provides that a taxpayer must file suit in a United States district court.  With regard to the plaintiffs' allegations that the levies were made in violation of a bankruptcy discharge, the government argues that 26 U.S.C. § 7433(e) provides that a taxpayer must file suit in a United States bankruptcy court.

The court agrees with the government that it lacks jurisdiction under 26 U.S.C. § 7433 to hear the plaintiffs' claims that the IRS violated the applicable statute of limitations or the bankruptcy discharge.  As a threshold matter, this court lacks jurisdiction under the Tucker Act to hear claims "sounding in tort."  28 U.S.C. § 1491(a)(1).  The plaintiffs' contentions that the IRS engaged in unlawful collection activities are claims sounding in tort, and thus this court lacks jurisdiction over them.

Furthermore, even if the plaintiffs' claims were not "sounding in tort," as the government correctly points out, the applicable provisions of 26 U.S.C. § 7433 clearly vest United States district courts with "exclusive jurisdiction" over any claims concerning the statute of limitations.  26 U.S.C. § 7433(a).  See also Ledford, 297 F.3d at 1382 (citing 26 U.S.C. § 7433(a) and holding, "Congress has provided that claims for damages such as those alleged by Mr. Ledford must be brought exclusively before a district court of the United States.  The Court of Federal Claims is not a district court of the United States, and therefore it lacks subject matter jurisdiction over Mr. Ledford's damage claims."); Parsons v. United States, 65 Fed. Cl. 638, 640 (2005).  Likewise, 26 U.S.C. § 7433(e) vests bankruptcy courts with "exclusive jurisdiction" over claims that the IRS has violated bankruptcy discharges.[19]  Where Congress has granted exclusive jurisdiction in

---

[19] Similarly, this court lacks jurisdiction over the plaintiffs' allegations that the IRS violated 26 U.S.C. § 7206(4).  The plaintiffs' reliance on this statutory provision is misplaced because it deals with a "person" who is attempting to "evade or defeat the assessment or collection of any tax," and is unrelated to any actions the IRS may take with regard to a bankruptcy proceeding.

certain courts, these statutory provisions govern.  See Texas Peanuts v. United States, 409 F.3d 1370, 1373 (Fed. Cir. 2005) ("Congress may withdraw any grant of Tucker Act jurisdiction. . . .  Because appellants are suing the FCIC [Federal Crop Insurance Corporation] for breach, sections 1508(j) and 1506(d), by which Congress has granted district courts exclusive jurisdiction over claims against the FCIC, govern.") (internal citations omitted).[20]  Thus, this court lacks jurisdiction over the plaintiffs' damage claims under 26 U.S.C. § 7433.

**F.      The Plaintiffs Have Failed to State a Claim under the Takings Clause.**

The Court of Federal Claims generally has jurisdiction over takings claims against the government.  Lion Raisins v. United States, 416 F.3d 1356, 1362 (Fed. Cir. 2005) ("The Tucker Act provides jurisdiction 'for any claim against the United States founded . . . upon the Constitution.'  28 U.S.C. § 1491(a)(1) (2000).  This includes all takings claims against the United States.").  However, the Federal Circuit has made clear that "a claim premised on a regulatory violation does not state a claim for a taking."  Id. at 1369.  See also Acadia Tech., Inc. v. United States, 458 F.3d 1327, 1331 (2006) (holding that the plaintiff's assertions that a government agency's actions violated certain statutes "did not form the basis for a legal claim under the Takings Clause of the Fifth Amendment").

---

[20] During oral argument, the plaintiffs requested that, if the court determines it does not have jurisdiction over its claims alleging violations of the bankruptcy proceedings, the court transfer these claims to the bankruptcy court.  However, because the plaintiffs have not demonstrated that they have exhausted their administrative remedies pursuant to 26 C.F.R. § 301.7430-1(e) (2007), the court finds that it would not be appropriate to transfer these claims to bankruptcy court.

The plaintiffs argue that the levy on their social security benefits constitutes a taking under the Fifth Amendment's Takings Clause.[21]  Specifically, the plaintiffs contend that the IRS levied their property while the plaintiffs were in the process of an equivalent hearing,[22] during which the plaintiffs allege they were protected from collection activity by the IRS.

The government argues that, although this court generally has jurisdiction over takings claims, the collection of a tax liability by means of a levy is not a Fifth Amendment taking.  For this proposition, the government relies on Fry v. United States, 72 Fed. Cl. 500, 508-509 (2006), and Castillo Morales v. United States, 19 Cl. Ct. 343, 345 (1990) ("[W]here . . . a taxpayer disputes an IRS levy on its property, the appropriate course of action is a direct challenge of the levy, not the prosecution of a fifth amendment claim.").

The court holds that the plaintiffs have failed to state a claim for a taking because the plaintiffs argue that the IRS violated various statutory and regulatory provisions when

---

[21] The plaintiffs also allege a "wrongful attachment of Petitioner's children's property based upon Petitioner's claimed liability."  Compl. ¶ 22.  However, the plaintiffs' complaint does not identify the children whose property was allegedly levied and subjected to liens, the dates and amounts of such levies or liens, or the property to which the alleged liens and levies relate. Furthermore, even if such levies or liens took place, the plaintiffs' children are not plaintiffs in this case, and the plaintiffs have made no showing that they have standing to litigate claims of their children.  See Saladino v. United States, 62 Fed. Cl. 782, 793 (2004).

[22] The plaintiffs also allege that they were in the process of a collection due process hearing when the levy took place; however, as discussed above, the plaintiffs were not given a collection due process hearing.

it levied their property.  A "taking" under the Fifth Amendment can only result from the

authorized actions of governmental officials.  See Acadia Tech., 458 F.3d at 1334-1335

(affirming the trial court's dismissal of a complaint for failure to state a claim where the

plaintiff's takings claim was based on alleged statutory violations); Lion Raisins, 416

F.3d at 1369 (Fed. Cir. 2005) ("We have made clear that a claim premised on a regulatory

violation does not state a claim for a taking.").[23]  Accordingly, the plaintiffs' takings

claims must be dismissed.

**G.     The Court Lacks Jurisdiction over the Plaintiffs' Due Process Claims.**

This court's jurisdiction is limited to cases in which the Constitution or a federal

statute dictates the payment of money damages.  28 U.S.C. § 1491(a)(1).  It is well-settled

that the due process clause is not money-mandating.  Collins v. United States, 67 F.3d

284, 288 (Fed. Cir. 1995) ("[The Court of Federal Claims] did not have jurisdiction over

money claims that are based upon an alleged violation by the government of the due

process clause.  This is so because the due process clause does not obligate the

---

[23] Moreover, even if the plaintiffs were disputing their underlying tax liability rather than
the method by which the IRS levied their property, the plaintiffs would also have failed to state a
claim for a taking.  It is well-established that the lawful exercise of the government's collection
powers does not amount to a prohibited Fifth Amendment taking.  First Atlas Funding Corp. v.
United States, 23 Cl. Ct. 137, 141 (1991); Skillo, 68 Fed. Cl. at 743; Sanders v. United States, 34
Fed. Cl. 38, 49 (1995).  "Taxes do indeed 'take' income, but this is not the sense in which the
Constitution uses 'takings.'"  Skillo, 68 Fed. Cl. at 743 (quoting Kerrigan v. United States, 1997
WL 685275, at *5 (Fed. Cl. April 30, 1997), citing Coleman v. Comm'r, 791 F.2d 68, 70 (7th
Cir. 1986)).  Defendant's tax collection activities were carried out pursuant to the authority to tax
income granted to Congress under Article I, Section 8, Clause 1 of the United States
Constitution.  Springer v. United States, 102 U.S. 586, 593 (1880).

government to pay money damages."); <u>Murray v. United States</u>, 817 F.2d 1580, 1583

(Fed. Cir. 1987)  ("Although the Fifth Amendment's due process clause provides that no

person shall be deprived of property without due process of law, no language in the clause

itself requires the payment of money damages for its violation.").  While this court

generally does not have jurisdiction over due process claims, this court has jurisdiction

over a constitutional claim that is part of a money-mandating claim.  <u>Holley v. United</u>

<u>States</u>, 124 F.3d 1462, 1466 (Fed. Cir. 1997) ("Claimants in the Court of Federal Claims

have the right to raise issues based on asserted procedural violations, whether violative of

the Constitution or of statute or regulation, to support their claims for monetary relief.").

The plaintiffs contend that they were denied their due process rights under the

Fifth and Fourteenth Amendments to the Constitution when the IRS denied the plaintiffs'

"settlement agreements without being provided a proper hearing."  Compl. ¶ 22.  The

plaintiffs argue that this court has jurisdiction over due process claims when the claims

are tied to a money-mandating requirement.  The plaintiffs argue that they have satisfied

the elements of a Fifth Amendment takings claim, which is money-mandating, and

therefore that this court has jurisdiction over their due process claims.  The plaintiffs

further argue that the IRS' actions should not be unreviewable and that the court should

determine whether the IRS followed basic due process considerations.

The government argues that this court lacks jurisdiction over the plaintiffs'

allegations that the levies violated their due process rights.  The government argues that

the court's jurisdiction over constitutional claims is restricted to those that require the payment of money damages.  See Murray, 817 F.2d at 1582-83 (citing United States v. Mitchell, 463 U.S. 206, 218 (1983)).  Therefore, the government contends, this court lacks subject matter jurisdiction over due process claims because they do not require the payment of money.  In support of this proposition, the government relies on Fry v. United States, 72 Fed. Cl. 500, 507 (2006), and Inter-Coastal Express, Inc. v. United States, 49 Fed. Cl. 531, 542 (2001).

The court agrees with the government that it lacks jurisdiction over the plaintiffs' due process claims because the due process claims are not money-mandating.  Collins, 67 F.3d at 288; Murray, 817 F.2d at 1583.  While this court has jurisdiction over a constitutional claim that is part of a money-mandating claim, Holley,124 F.3d at 1466, as discussed above, the plaintiffs have failed to state a takings claim under the Fifth Amendment, and the court lacks jurisdiction over the plaintiffs' other claims.  Therefore, the plaintiffs' due process claims, standing alone, do not provide a basis upon which this court can exercise jurisdiction.

**H.  The Court Lacks Jurisdiction over the Plaintiffs's Claims for Injunctive Relief.**

The Court of Federal Claims may issue equitable relief against the United States in very limited circumstances.  This court has exclusive jurisdiction to grant equitable and extraordinary relief in order to afford complete relief on any contract claim brought before the contract is awarded.  See 28 U.S.C. § 1491(b)(2).  Additionally, in order to

provide an entire remedy and to complete the relief afforded by a money judgment, this

court may, as an incident of and collateral to such money judgment, issue equitable

orders.  See, e.g., 28 U.S.C. §§ 1491(a)(2) (restoration to office or position, or correction

of applicable records), 1494 (determination of accounts), 1496 (relief of a disbursing

officer from responsibility for loss), 1507 (declaratory judgments regarding the tax

exempt status of organizations under 26 U.S.C. § 7428), 1508 (judgments in partnership

tax proceedings under 26 U.S.C. §§ 6226, 6228(a)).  See also Wolfchild v. United States,

2007 WL 1227691 (Fed. Cl. April 27, 2007); 32 B Am. Jur. 2d Federal Courts § 2033.

Therefore, a plaintiff's primary claim must seek monetary relief before the Court

of Federal Claims can exercise jurisdiction.  See Brown v. United States, 105 F.3d 621,

624 (Fed. Cir. 1997) ("The remainder of appellants' demands, which are for declaratory

or injunctive relief, are also outside the jurisdiction of the Court of Federal Claims.  The

Tucker Act does not provide for independent jurisdiction over such claims for equitable

relief."); Simanonok v. Simanonak, 918 F.2d 947, 952 (Fed. Cir. 1990) ("Injunctive

claims . . . are not cognizable in a Little Tucker Act or Tucker Act case, absent a

concurrent colorable claim for monetary recovery."); Johnson v. United States, 70 Fed.

Cl. 296 (2006).

The plaintiffs contend that they may obtain injunctive relief, as well as equitable

and extraordinary relief, under the 1988 amendment to the Tucker Act.  The plaintiffs rely

on United Sales, Inc. v. United States, 34 Fed. Cl. 88, 93 (1995), in which the court stated

that the 1988 amendment to the Tucker Act conferred "limited declaratory judgment

authority on this court over nonmonetary disputes" and quoted 28 U.S.C. § 1491(a)(3)

(1995) as follows:

> To afford complete relief on any contract claim brought before the contract is awarded, the court shall have exclusive jurisdiction to grant declaratory judgments and such equitable and extraordinary relief as it deems proper, including but not limited to injunctive relief.  In exercising this jurisdiction, the court shall give due regard to the interests of national defense and national security.

In response, the government argues that the statutory language added to § 1491 by

the Administrative Dispute Resolution Act of 1996 in place of the former § 1491(a)(3)

does not give this court jurisdiction for declaratory or injunctive relief in tax cases; rather,

it does so only in certain types of government contracts cases.  This statutory provision

grants this court "jurisdiction to render judgment on an action by an interested party

objecting to a solicitation by a Federal agency for bids or proposals for a proposed

contract or to a proposed award or the award of a contract or any alleged violation of

statute or regulation in connection with a procurement or a proposed procurement," and

providing that, "[t]o afford relief in such an action, the courts may award any relief that

the court considers proper, including declaratory and injunctive relief."  Id. (emphasis

added).  The government also argues that, even if the court were to have jurisdiction to

provide declaratory or injunctive relief, the Anti-Injunction Act, 26 U.S.C. § 7421 (2000),

would prevent any legal proceeding to prevent the collection of a tax.[24]

The court agrees with the government that it lacks jurisdiction to provide the plaintiffs equitable relief.  The statutory provision relied upon by the plaintiffs is specific to government contract cases, which is inapplicable here.  Furthermore, as discussed above, the plaintiffs have failed to state a monetary claim over which this court has jurisdiction.  Absent a "concurrent claim for monetary recovery," this court lacks jurisdiction over the plaintiffs' claims for equitable relief.  In addition, the Anti-Injunction Act prohibits a "suit for the purpose of restraining . . . the collection of any tax . . . ."  26 U.S.C. § 7421(a).  See also Lonsdale v. United States, 919 F.2d 1440, 1442 (10th Cir. 1990) ("The [plaintiffs'] complaint states that it seeks injunctive and declaratory relief as well as a refund of amounts collected pursuant to the levies in question.  But their complaint is essentially an attempt to prevent the collection of assessed taxes by challenging the underlying tax assessments.  That challenge violates the Anti-Injunction Act on its face.").  As such, the plaintiffs' claim for injunctive relief must be dismissed for lack of jurisdiction.

---

[24] The Anti-Injunction Act provides: "Except as provided in sections 6015(e), 6212(a) and (c), 6213(a), 6225(b), 6330(e)(1), 6331(I), 6672(c), 6694(c), 7426(a) and (b)(1), 7429(b), and 7436, no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.  26 U.S.C. § 7421(a).  The government contends, and the plaintiffs do not dispute this contention, that the plaintiffs do not fit within any of the exceptions listed in this provision.

**CONCLUSION**

For all of the reasons set forth above, this court holds that the plaintiffs' complaint, which seeks "return of the wrongful levy, as well as legal fees," must be dismissed. The plaintiffs' claims in support of their complaint regarding a wrongful levy, offers in compromise, tax refunds, statutory interest, damages under 26 U.S.C. § 7433, and the due process clause must be dismissed for lack of jurisdiction under RCFC (12)(b)(1). The plaintiffs' takings claim must be dismissed for failure to state a claim under RCFC 12(b)(6). Accordingly, the government's motion to dismiss the case is **GRANTED**. Each party is to bear its own costs.[25]

**IT IS SO ORDERED**.

> **s/Nancy B. Firestone**
> NANCY B. FIRESTONE
> Judge

---

[25] It has come to the court's attention that counsel for the plaintiffs has filed similar cases in this court which have also been dismissed for lack of jurisdiction or for failure to state a claim. See Locke v. United States, No. 06-629 (Fed. Cl. July 10, 2007); Leshin v. United States, No. 06-637 (Fed. Cl. January 11, 2007). Counsel would be wise to follow the admonition of Judge Miller in Locke, No. 06-629, slip op. at 15, not to file and burden the court with complaints containing the same jurisdictional defects.